UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GREAT LAKES EXPLORATION
GROUP LLC,

       Plaintiff,

v.

THE UNIDENTIFIED, WRECKED AND
(FOR SALVAGE-RIGHT PURPOSES),
ABANDONED SAILING VESSEL,
*her engines, tackle, apparel, appurtenances,*
*cargo, etc. located within a circle having a*
*radius of 3.5 statute miles, whose center*
*point is at coordinates 45º 32.8' North*
*latitude and 86º 41.5' West longitude*,

       *In Rem*,

       Defendant.
_____/

File No. 1:04-CV-375

HON. ROBERT HOLMES BELL

## **ORDER**

      Before this Court is Plaintiff's verified complaint, motion for *in camera* hearing and motion for appointment of substitute custodian. Pursuant to Rule C of the Supplemental Rules of the Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims, this Court must issue a warrant for the arrest of the vessel if the conditions for an *in rem* action appear to exist. FED. R. CIV. P. SUPPL. C (3)(ii)(A).

      In order for an *in rem* action to appear to exist, the cause of action must be alleged with reasonable particularity. FED. R. CIV. P. SUPPL. C (2)(b). Further, Rule E (2) provides

that the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading. FED. R. CIV. P. SUPPL. E (2).

The instant complaint fails to allege with reasonable specificity the circumstances from which the claim arises. The complaint fails to give any identifying information of the vessel at issue. The complaint merely states that there is a vessel located within a 3.5 statute miles radius within specific coordinates, that was owned by a foreign research expedition, and that sank scores of years ago. By providing no further identifying information and designating such a large area, this Court concludes that a potential claimant could neither commence an investigation nor frame a responsive pleading. As a result, the complaint does not provide a basis for this Court to issue a warrant for the arrest of the vessel.

Plaintiff has also filed a motion for *in camera* hearing to provide this Court additional information to support the warrant for arrest of the vessel. Contrary to Plaintiff's assertion, Supplemental Rule C (3) makes no provision for a pre-arrest hearing. Although Plaintiff alleges that much of the information it intends to provide *in camera* requires protection from public disclosure, this Court merely requires that the complaint and supporting documents on file allege sufficient information that would allow a claimant to frame a response. As an *in camera* hearing will not cure the pleading defect, the requested hearing is irrelevant to this Court's decision regarding the warrant for arrest of the vessel.

Lastly, because Plaintiff's pleading defect does not provide this Court with a sufficient basis to issue a warrant for arrest of the vessel, an appointment of a substitute custodian is not yet warranted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for in camera hearing (Docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of substitute custodian (Docket #2) is **DENIED**.


Date:   June 23, 2004                   /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE