IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Northern Division

| | |
|---|---|
| GREAT LAKES EXPLORATION GROUP LLC ) ) ) Plaintiff, ) ) v. ) ) The Unidentified, Wrecked and (For ) Salvage-Right Purposes), Abandoned ) Sailing Vessel, her tackle, ) apparel, appurtenances, cargo, etc. ) located within a circle having ) a radius of 3.5 statute miles, whose ) center point is at coordinates ) 45° 32.8′ North latitude and 86° 41.5′ ) West longitude, ) ) *In Rem* ) ) Defendant. ) | Civil Action No. 1:04-CV-375<br><br>HON. ROBERT HOLMES BELL |

## VERIFIED AMENDED COMPLAINT

Plaintiff Great Lakes Exploration LLC, for its Verified Amended Complaint against Defendant, respectfully alleges:

### PARTIES

1. Plaintiff Great Lakes Exploration Group LLC is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio.

2. Plaintiff's principals have for many years been engaged in an operation for the recovery, search and salvage of the Defendant wrecked and abandoned sailing vessel, her tackle, apparel, appurtenances, cargo, etc. (hereinafter "the shipwreck"

or "shipwreck site") lost in Lake Michigan, and located within a circle having a radius of 3.5 statute miles, whose center point is at coordinates 45° 32.8′ North latitude and 86° 41.5′ West longitude.

3. Plaintiff has consulted extensively with the Field Museum, Chicago, Illinois and with the staff in the efforts as described herein.

4. Plaintiff is conducting its current analysis, investigation and operations with the express written permission of the entity which it believes is or may be the legal successor-in-interest to the original owner.

5. On information and belief, the vessel was owned by a foreign research expedition operating with the authority of, and possibly under the auspices and/or control of, a foreign sovereign until it became wrecked, lost and abandoned.

6. To the best of Defendant's current information and belief, the Defendant shipwreck had, at the time of its sinking, the following characteristics: (a) power system: sail(s) and oars; (b) hull construction: wooden; (c) hull dimensions: (1) length- approximately 40'-60'; (2) breadth- approximately10'-22'; (d) method of construction: hand; (e) approximate crew size: five; (f) approximate tonnage: 45 tons (or tuns); (e) time of construction: believed to be of significant age, prior to 20th century.

7. The Defendant *res* is unique and there are no other shipwrecks known or believed to be within the geographic area identified above, or at or near the vicinity thereof, having the foregoing characteristics.

## SUBJECT MATTER AND PERSONAL JURISDICTION

8. This a civil case within the Court's admiralty and maritime jurisdiction, 28 U.S.C. §1333.

9. The salvaged portions of the *in rem* Defendant shipwreck will be within the actual and/or constructive jurisdiction of this district during the pendency of this action, and the Court has or will during pendency of this action have jurisdiction over any potential claimants and/or competing salvors by virtue of its jurisdiction over the *in rem* Defendant; by virtue of its *in personam* jurisdiction based on the material contacts of the parties with this forum; by virtue of the relationship among the potential claimants and/or competing salvors, this forum, and Plaintiff's cause of action; and/or by virtue of the principle of jurisdiction by necessity.

## BACKGROUND

10. Plaintiff has invested substantial time, money and effort researching the history of, searching for, locating, and initiating a plan and acts the actual recovery of portions of the wrecked derelict vessel, her tackle, apparel, appurtenances and cargo.

11. On information and belief, the wreck is the remains of a sailing ship which sank scores of years ago.

12. On further information and belief, no efforts have been made by or on behalf of the original owners to salvage the wrecked and abandoned vessel, her engines, tackle, apparel, appurtenances, cargo, *etc.* on any occasion.

13. For purposes of Plaintiff's rights of salvage, the shipwreck aforesaid is abandoned property, is wholly derelict and/or affirmatively or otherwise abandoned by the owners, and the owners have no intention of returning.

14. Plaintiff is actively and successfully engaged in the process of reducing the shipwreck aforesaid to its exclusive custody, control, possession, and dominion as well as conditions and circumstances permit, and has the current ability to continue to do such endeavors.

## COUNT I
## PETITORY/POSSESSORY
## AND/OR OWNERSHIP CLAIMS

15. Plaintiff incorporates herein by reference its allegations in Paragraphs 1 – 14 of this Verified Amended Complaint.

16. Plaintiff, in the capacity set forth above, is the rightful owner and/or possessor of the shipwreck aforesaid, and has taken such actions as were necessary to constitute dominion and control of the shipwreck as salvor-in-possession.

17. Plaintiff is entitled to the exclusive title to and ownership and/or possession of the wrecked and abandoned sailing vessel, her engines, tackle, apparel, ppurtenances, cargo, *etc.*, to the exclusive possession thereof and to the Court's protection of Plaintiff's rights to the wreck.

## COUNT II
## SALVAGE AWARD CLAIM

18. Plaintiff incorporates herein by reference its allegations in Paragraphs 1 – 14 of this Verified Complaint.

19. Plaintiff has conducted extensive research, search and survey, and other salvage operations with respect to the shipwreck aforesaid.

20. The wreck aforesaid is and was the subject of a marine peril, and was in an utterly helpless condition from which it could not be rescued and recovered without Plaintiff's assistance.

21. Plaintiff is and was under no legal or official duty to provide the assistance aforesaid.

22. Plaintiff's acts have been and will be successful in saving, and/or helping to save, the shipwreck and/or salvaging portions of the wreck.

23. Plaintiff is protecting and will continue to protect the scientific, historical, cultural and other value of the shipwreck in good faith.

24. Plaintiff, by reason of the services so performed, private risk capital spent and the time spent and danger incurred in finding and salvaging the shipwreck is entitled to a liberal, mete and competent salvage award for such services.

## COUNT III
## SALVAGE OPERATION AND INJUNCTIVE CLAIM

25. Plaintiff incorporates herein by reference its allegations in Paragraphs 1 – 14 of this Verified Amended Complaint.

26. The rights and efforts of Plaintiff, the economic value and historical integrity of the Defendant shipwreck, and the successful recovery of lost property at sea require that Plaintiff be permitted to maintain, and protected by the Court in maintaining, the exclusive dominion and control of the salvage activities on the wrecked and abandoned sailing vessel, her tackle, apparel, appurtenances, cargo, *etc.*, without interference by third parties.

27. Allowing interference with Plaintiff's operations would substantially and irreparably injure Plaintiff, would be inequitable, would be harmful to the public good, and would be contrary to a balancing of the respective interests of the parties and the comparative hardships to all concerned.

## COUNT IV
## PREJUDGMENT INTEREST, POST JUDGMENT INTEREST & ATTORNEYS' FEES

28. Plaintiff incorporates herein by reference its allegations in Paragraphs 1 – 14 of this Verified Complaint.

29. Plaintiff is expending the investment capital, time, risk, labor skill, diligence and other elements of its salvage for the purpose of locating, conserving and creating a "common fund" of value with respect to the Defendant.

30. By reason of the foregoing, Plaintiff is entitled to an award of prejudgment interest, post judgment interest and attorneys' fees with respect to all sums and/or other value created or preserved by Plaintiff's efforts.

WHEREFORE, Plaintiff respectfully prays:

(a) That Plaintiff, in the capacity aforesaid, be declared the true, sole and exclusive owner and/or possessor of the Defendant wrecked and abandoned sailing vessel, her tackle, apparel, appurtenances, cargo, *etc.*

(b) Alternatively, that Plaintiff be awarded a liberal salvage recovery with respect to the wrecked and abandoned sailing vessel, her tackle, apparel, appurtenances, cargo, *etc.* in the amount of $35,000,000.00 or such amount or nature as may be determined by this Court under the law of salvage or any other applicable law.

(c) That Plaintiff be declared entitled to the sole and exclusive right to recover, control, salvage, and otherwise handle the Defendant without interference by third persons or parties, and that any and all such interference be temporarily and permanently enjoined.

(d) That process *in rem* and a warrant of arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against the aforesaid unidentified wreck and abandoned sailing vessel, her tackle, apparel, appurtenances, cargo, *etc.*, with notice to all persons claiming an interest therein to appear and answer this Verified Complaint and to show cause why the wreck should not be: (1) delivered to Plaintiff as having full ownership, title and right to possession thereof, or (2) alternatively, sold and/or appropriately disposed of in satisfaction of any judgment in favor of Plaintiff for salvage resulting from its salvage efforts;

(e) That Plaintiff be awarded its costs, attorneys' fees, prejudgment and post judgment interest on all sums due; and

(f) That Plaintiff be awarded such other and further relief as the justice of this cause may require.

Respectfully submitted,
GREAT LAKES EXPLORATION GROUP LLC

By: _____
Of Counsel
Richard T. Robol (OH- 0064345)
ROBOL & WINKLER LLC
555 City Park Avenue
Columbus, Oh 43215
Telephone: (614) 559-3839
Facsimile: (614) 559-3846
rrobol@columbuscounsel.com

_____
Of Counsel
Roger Boer, Esq.
161 Ottawa Avenue N.W.
Suite 600
Grand Rapids, MI 49503
Telephone. (616) 233-5136
Facsimile: (616) 459-5102

**ATTORNEYS FOR PLAINTIFFS**

# VERIFICATION

COMMONWEALTH OF VIRGINIA,
COUNTY OF __Fairfax__, SS:

    I, Steven Libert, being duly sworn on oath, state that I have read the foregoing Verified Complaint and that the allegations therein are true to the best of my knowledge and belief.

_____
STEVEN LIBERT

The foregoing was subscribed and sworn to before me this __25th__ day of August, 2004.

_____
NOTARY PUBLIC

My Commission Expires: __January 31, 2006__