IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Northern Division

GREAT LAKES EXPLORATION
GROUP LLC

            Plaintiff                  Civil Action No. 1:04-CV-375

v.                                        HON. ROBERT HOLMES BELL

The Unidentified, Wrecked and (For
Salvage-Right Purposes), Abandoned
Sailing Vessel, her tackle, apparel,
appurtenances, cargo, etc. located
within a circle having a radius of 3.5
statute miles, whose center point is at
coordinates 45° 32.8' North latitude and
86° 41.5' West longitude,

                *In Rem*

            Defendant.

and

MICHIGAN DEPARTMENT OF HISTORY,
ARTS AND LIBRARIES AND MICHIGAN
DEPARTMENT OF ENVIRONMENTAL
QUALITY,

              Intervening Defendants

___

| | |
|---|---|
| Richard Thomas Robol | James R. Piggush |
| Robol & Winkler LLC | Assistant Attorney General |
| 555 City Park Avenue | Environment, Natural Resources, |
| Columbus, OH  43215 | and Agriculture Division |
| 614/559-3846 | P.O. Box 30755 |
| | Lansing, MI  48909 |
| Roger W. Boer | 517/373-7540 |
| Roger W. Boer, LLC | |
| 600 Waters Building | |
| 161 Ottawa Avenue NW | |
| Grand Rapids, MI  49503 | |
| 616/235-3500 | |

___

BRIEF IN SUPPORT OF MOTION TO INTERVENE
ORAL ARGUMENT REQUESTED

Plaintiff, Great Lakes Exploration Group, Inc, an Ohio Limited Liability Company, has filed a Verified Amended Complaint in rem, claiming jurisdiction in this court pursuant to 28 USC § 1333. Plaintiff does not name the allegedly abandoned vessel; it describes the ship's present location only as within a 38.5 square mile area of northern Lake Michigan. Plaintiff purports to know the ship's approximate dimensions at the time of sinking, but says only that the sinking occurred sometime during the over 200 years before the 20th Century when such ships sailed the Great Lakes.

The amended complaint alleges many activities that appear to be inconsistent with requirements of Michigan law and to request relief that would interfere with Michigan's ability to enforce its laws and protect state property and state resources. Great Lakes Exploration LLC claims to have acquired an interest in the alleged ship by conducting an "operation for the recovery, search and salvage of the Defendant." According to the complaint, Plaintiff developed a "plan and acts (sic) the actual recovery of portions of the wrecked derelict vessel." By Paragraph 19 of the Amended Complaint, Plaintiff no longer claims to have conducted recovery activities with respect to the vessel. But, the Amended Complaint says that "Plaintiff is actively and successfully engaged in the process of reducing the shipwreck aforesaid to its exclusive custody, control, possession, and dominion as well as conditions and circumstances permit. . . ."

Plaintiff claims to have permission to conduct its activities from the entity it believes to be the successor-in-interest of the unnamed foreign research expedition that abandoned the vessel. Plaintiff claims exclusive ownership of that same vessel by virtue of the original owner's abandonment of the vessel. Plaintiff says in the complaint that it has "taken such actions as were necessary to constitute dominion and control of the shipwreck as salvor-in-possession."

Plaintiff requests the court to arrest a vessel, wherever and whatever it is, and grant it

ownership of the vessel, or to prevent any interference with Plaintiff's salvage operations and grant a salvage award of $35, 000,000.00, plus interest, costs and attorneys' fees.

Intervention shall be permitted "when the applicant claims an interest relating to the property of transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a). Fed. R. Civ. P Suppl E(8) authorizes a restricted appearance in an in rem action.

Intervenors, Michigan Department of History, Arts and Libraries (DHAL) and Michigan Department of Environmental Quality (DEQ) request to intervene for the limited purposes of filing the attached motion to dismiss (Exhibit A) and defending the state's interest in and jurisdiction over its bottomlands and maritime cultural heritage. The alleged subject vessel is the property of the state of Michigan, which, by §76102 of Part 761, Aboriginal Records and Antiquities, MCL 324.76101, *et seq,* of the Michigan Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq*. has asserted a possessory right or title superior to that of any finder. MCL 324.76102. The purported vessel, so far as it has been identified by Plaintiff, is embedded in the unpatented, submerged bottomlands of Lake Michigan and may not, pursuant to the Abandoned Shipwreck Act, 43 USC 2101, *et seq*., and an exception to the common law of finds, be disturbed except in accord with Michigan law, which regulates excavation of the bottomlands and disturbance of abandoned shipwrecks of historical and recreation value, as is any wreck of a ship of the sort described, and particularly of one with the characteristics of the one described, which has not been disturbed by the original owner.

By Michigan law, Michigan has title and possession superior to that of any finder. MCL 324.76102(2).

The State of Michigan has not waived its sovereign immunity, so that rights to property in its possession cannot be adjudicated in the Federal Court under the 11th Amendment. *California v Deep Sea Research, Inc*., 523 US 491; 118 S Ct 1464; 140 L Ed2d 626 (1998).

Even though the court does not have jurisdiction over the res, because Plaintiff has yet to comply with FRCP E, so that the court cannot arrest the vessel to acquire jurisdiction over the res, dismissal is appropriate to protect the rights of the state based upon the allegations in the complaint and the information Intervenor provides to the Court in its Motion to Dismiss.

It is proper to allow the State of Michigan to intervene for the limited purposes of filing its motion to dismiss Plaintiff's admiralty claim in rem for lack of subject matter jurisdiction and defending the state's interest in and jurisdiction over its bottomlands and maritime cultural heritage.

The courts regularly allow state agencies to intervene to challenge admiralty jurisdiction in pending cases where continuation of the action will adversely affect state interests, as in: *Fairport Int'l Exploration v. Shipwrecked Vessel*, 913 F. Supp. 552, 553 (D. Mich., 1995)(State of Michigan intervened to challenge jurisdiction); *Zych v. Unidentified, Wrecked & Abandoned Vessel*, 19 F.3d 1136 (7th Cir., 1994)(Illinois Historic Preservation Agency and Illinois Department of Transportation intervened to challenge jurisdiction). *Zych v. Wrecked Vessel* believed to be Lady Elgin, 960 F.2d 665 (7th Cir., 1992)( Illinois Historic Preservation Agency and Illinois Department of Transportation intervened to challenge jurisdiction).

Plaintiff here has not identified the alleged vessel in a manner that will allow other parties to identify and investigate the wreck so they can respond to the pleadings. However, the matters

asserted in the complaint when taken together with the additional limited information Plaintiff has provided to the State of Michigan, implicates federal and state polices established by laws of the United States and of the State of Michigan that prevent the exercise of admiralty jurisdiction and prohibit the relief requested from this court. The ASA intends to secure state responsibility for abandoned shipwrecks in State waters, 43 USC 2103(a), so the states can provide for access to them and for their protection as cultural resources. 43 USC 2104. Michigan has adopted laws to protect these cultural resources and to make them available for recreational purposes by laws such as Part 325, MCL 324.32501, *et seq*., and Part 761, MCL 324.76101, *et seq*., of its Natural Resources and Environmental Protection Act. MCL 324.101, *et seq*. Michigan undertakes such policies even with respect to cultural resources that are not protected by the ASA, but that are protected from admiralty jurisdiction as embedded property and as property of the state, as appears in the Motion to Dismiss.

The Intervenors are the Michigan agencies charged with the implementation of those state and federal policies and they are uniquely able to present those policies to the court so that it can make a determination whether it has jurisdiction in this matter. They ask to be permitted to intervene in this action for the limited purposes of presenting their motion to dismiss for lack of jurisdiction, which is attached to this motion, and to defend the state's interest in and jurisdiction over its bottomlands and maritime cultural heritage.

WHEREFORE, Intervenors request the court to grant their motion to intervene.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/

James R. Piggush (P29221)
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
517/373-7540

Dated: October 14, 2004
s:nrd/ac/cases/open/great lakes exploration 04ag/ brief in supp of motion to intervene