IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Northern Division

GREAT LAKES EXPLORATION
GROUP LLC

        Plaintiff                                Civil Action No. 1:04-CV-375

v.                                                HON. ROBERT HOLMES BELL

The Unidentified, Wrecked and (For
Salvage-Right Purposes), Abandoned
Sailing Vessel, her tackle, apparel,
appurtenances, cargo, etc. located
within a circle having a radius of 3.5
statute miles, whose center point is at
coordinates 45° 32.8' North latitude and
86° 41.5' West longitude,

        *In Rem*

        Defendant.

and

MICHIGAN DEPARTMENT OF HISTORY,
ARTS AND LIBRARIES AND MICHIGAN
DEPARTMENT OF ENVIRONMENTAL
QUALITY,

        Intervening Defendants

---

| | |
|---|---|
| Richard Thomas Robol<br>Robol & Winkler LLC<br>555 City Park Avenue<br>Columbus, OH 43215<br>614/559-3846<br><br>Roger W. Boer<br>Roger W. Boer, LLC<br>161 Ottawa Avenue, NW<br>Grand Rapids, MI 49503<br>616/235-3500 | James R. Piggush<br>Assistant Attorney General<br>Environment, Natural Resources,<br>and Agriculture Division<br>P.O. Box 30755<br>Lansing, MI 48909<br>517/373-7540 |

---

## MOTION TO DISMISS

Now come the State of Michigan, Department of History, Arts and Libraries (DHAL) and Department of Environmental Quality (DEQ), Intervening Defendants pursuant to Fed. R. Civ. P 12(b)(1) and move to dismiss for the reasons that:

1.  Plaintiff has yet to file a complaint that complies with the requirements of Fed. R. Civ. P. Suppl. E(2), and reasonably identifies the vessel and the location of the purported wreck so that a potential claimant can commence an investigation or frame a responsive pleading, and, as a result, the court cannot arrest the vessel and exercise in rem jurisdiction. Plaintiff continues to refer only to a 38.5 square mile area, which this court has recognized is too great to allow investigation. This is especially the case with regard to this purported wreck. Photos that Plaintiff provided Interveners, as reported in the affidavit of Wayne Lusardi (attached as Exhibit A), disclose that it appears out of the bottom looking much like a needle and like any of the many other timbers sticking in the bottomlands that are regularly reported to the state for investigation.

2.  The court lacks subject matter jurisdiction even if Plaintiff provides a more accurate description of the vessel, because, pursuant to State and Federal law, the subject vessel is the property of the State of Michigan, is not subject to salvage, and may not be "reduced" to the exclusive custody, control, possession or dominion of the Plaintiff or recovered, altered or destroyed, except as authorized by the state of Michigan, based upon the following:

    a.  By the Abandoned Shipwreck Act of 1987 (ASA), 43 USC §§ 2101-06, the United States asserted title to any abandoned shipwreck embedded in submerged lands of a State and simultaneously transferred that title to the State in or on whose submerged lands the shipwreck is located. 43 USC §§ 2105(a)(1) and 2105(c). Neither the law of salvage nor the law of finds applies to such shipwrecks. 43 USC 2106(a).

b. The Submerged Lands Act, 43 USC §§ 1311 et seq., confirmed that the states own the lands beneath their territorial waters. Under the Act, a state has the right to regulate the ownership and recovery of marine artifacts or abandoned shipwrecks on submerged lands within its territory. *Subaqueous Exploration, Inc v Unidentified, Wrecked Vessel*, 577 F. Supp 597, 612-613 (D Md, 1983), aff'd without opinion, 765 F2d 139.

c. By Part 761, "Aboriginal Records and Antiquities," MCL 324.76101, *et seq.*, of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101, *et seq.*, Michigan reserves in itself a possessory right or title superior to that of a finder of abandoned property of historical or recreation value found on the state owned bottomlands of the Great Lakes, and the exclusive right and privilege, except as authorized by Part 761, of exploring, surveying , excavating, and regulating abandoned property of historical or recreational value found upon or within any of the lands owned by the state. MCL 324.76102. The pleadings report an abandoned vessel of significant historical and recreational value, as set forth in the Affidavit of Mr. Wayne Lusardi, Exhibit A. The state does not consent to the salvage of any such vessel, except according to the terms of that act, and cannot be compelled to accept salvage. *Ramsey v The Pohatcong*, 77 F 996, 997 (SD NY, 1896). *Merritt & Chapman, Derrick & Wrecking Co v Unites States,* 274 US 611, 613; 47 S Ct 663; 71 L Ed 1232 (1927). As set forth in the Affidavit of Mr. Thomas Graf (Attached as Exhibit B), Plaintiff has not requested, and the State of Michigan has not granted, any permit authorizing the appropriation and possession Plaintiff describes in the complaint and requests the court to authorize in the prayer for relief.

d. By Part 325, "Great Lakes Submerged Lands," MCL 324.32501, *et seq.*, of NREPA, Michigan regulates all unpatented Great Lakes Bottomlands within its territory that were conveyed to it at statehood, MCL 324.32502, and which it holds in fee simple, subject to a public trust. *Illinois Central Railroad v Illinois*, 146 US 387, 437; 13 S. Ct. 110; 36 L. Ed. 1018 (1892). *People v Massey*, 137 Mich App 480, 485; 358 NW2d 615 (1984). The Plaintiff has not requested, and state of Michigan has not issued, any permit required by MCL 324.32512 to remove any materials from the bottomland, as described in the complaint and requested in Plaintiff's prayer for relief, as set forth in the Affidavit of Mr. Thomas Graf, Exhibit B.

e. By exception to the common law of finds, artifacts found embedded in the lands of another belong to the owner of the soil. *Klein v Unidentified Wrecked and Abandoned Sailing Vessel*, 758 F2d 1511, 1514 (11th Cir 1985) (actual title to the national park service). The subject vessel is embedded in the lands of the State of Michigan, as exhibited in the photos attached to the affidavit to Mr. Lusardi, Exhibit A.

3. In accord with the above, Michigan owns the abandoned property that is the subject of this action as a matter of state and federal law, and it regulates the activity that plaintiff proposes with respect to the subject vessel in this in rem action. It asserts a right of possession and title superior to that of any finder of objects such as described in the complaint. The State of Michigan does not consent to adjudication of rights in its property in the Federal Courts. US Const. Amend XI. *California v Deep Sea Research, Inc*., 523 US 1091; 118 S Ct 1558; 140 L Ed2d 790 (1998); *Florida Dep't of State v Treasure Salvors, Inc*, 458 US 670, 682; 102 S Ct 3304; 73 L Ed2d 1057 (1982).

4. This Motion is based on the records and files herein, the authority cited in this motion, the Attached Affidavits and the attached brief in support of Motion to Dismiss.

5. Intervenors have contacted Plaintiff's attorneys and expect this motion to be contested.

WHEREFORE, the State of Michigan respectfully requests that the court dismiss this action for lack of jurisdiction.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/

James R. Piggush (P29221)
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
517/373-7540

Dated: October 14, 2004
s:nrd/ac/cases/open/great lakes exploration 04ag/motion to dismiss