UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES EXPLORATION
GROUP LLC,

       Plaintiff,

v.

THE UNIDENTIFIED, WRECKED, and
(FOR SALVAGE-RIGHT PURPOSES),
ABANDONED SAILING VESSEL, her
tackle, apparel, appurtenances, cargo, etc.
located within a circle having a radius of 3.5
statute miles, whose center point is at
coordinates 45º 32.8' North latitude and
86º 41.5' West longitude, In Rem

       Defendant,

v.

MICHIGAN DEPARTMENT OF HISTORY,
ARTS AND LIBRARIES AND MICHIGAN
DEPARTMENT OF ENVIRONMENTAL
QUALITY,

       Intervenors.
       _____/

File No.  1:04-CV-375

HON. ROBERT HOLMES BELL

## ORDER CONCERNING DOCUMENTS FILED UNDER SEAL

       In consideration of the Plaintiff and the Intervenors' interest in avoiding unnecessary disclosure of the location of archaeological sites, and in view of the Court's obligation to identify the subject of this action and to determine its jurisdiction, and until further order of this Court, discovery materials and documents filed with the Court that disclose the precise location of the Defendant

wrecked vessel shall be filed under seal in accord with this Court's May 10, 2005, order and distributed among the parties on the following terms and conditions:

In accord with the Court's May 10, 2005 order, when exchanging documents or other material containing information stating the precise location of the Defendant, the parties shall designate such documents and materials as "Filed under Seal" by stamping or affixing thereon the words "Filed under Seal." When filing them with the Court, the parties shall file them in conformity with the local court rule, referring to this order and to the order of May 10, 2005. Multi-paged discovery material that is bound together need only be designated "filed under seal" on the first page. If the discovery material cannot be so labeled, it shall be designated "filed under seal" by a cover letter, memorandum or other appropriate manner. Any "filed under seal" designation that is inadvertently omitted during document production may be corrected by timely written notice to opposing counsel.

A party may challenge a designation of discovery material as "filed under seal," on the basis that the material designated does not disclose the precise location of the Defendant.

Any copy of designated materials or any summary of information concerning the precise location of the Defendant contained in designated materials and documents shall itself be designated as "filed under seal," in any paper filed in connection with further proceedings in this matter. Any reference to materials filed under seal shall be made under seal or in camera.

Until further order of the Court, when any documents or other materials containing information stating the precise location of the Defendant are "filed under seal" pursuant to this order, such documents or materials shall not be made available to the public or to third parties, unless required by law, but shall be available to Intervenors, their employees, contractors and agents as follows:

2

Intervenors may use designated documents and materials in support of their motion to dismiss and to develop information, as by inspection of the Defendant in the disclosed location(s), that will assist the Court in its review of the pending action or that will allow Intervenors to state a claim in this action, should they later choose to do so. Intervenors may also use such documents and materials and any information derived from there to administer Michigan law, so as to protect the subject vessel or submerged objects, according to Michigan law, if they determine that their use is necessary for them to do so.

Subject to conditions stated below, the following persons may have access to documents and materials containing information stating the exact location of the Defendant and designated "filed under seal":

a. The Attorney General of the State of Michigan and such assistant attorneys general as he may rely upon in pursuing this case.

b. Clerical employees assigned to assist the attorneys assigned to pursue this case.

c. The Directors of DHAL and MDEQ and the employees to whom they have delegated the administration of the Antiquities Act and the Submerged Lands Act and the development of this case, including the State Archaeologist and the State Marine Archaeologist.

d. Agents, independent consultants, contractors and experts (Consultants) retained by the Intervenors or the Attorney General to inspect and investigate the defendant and/or who require the use of

>that information to help the Intervenors to use that information as authorized above.

No person may disclose any materials or documents with information concerning the precise location of the Defendant filed under seal to any person, unless that person is authorized by this order to have such access.

The parties shall serve material designated "filed under seal," upon counsel for opposing parties.

No person shall disclose any material or documents "filed under seal" to any of the persons authorized above without first providing the recipient with a copy of this order and receiving from the person to whom he or she is making that disclosure a signed acknowledgment of the receipt of this order and of the material or document(s) received. That receipt shall be forwarded immediately to counsel and, retained by him or her for later reference.

No person who receives any materials or documents provided by Plaintiff with information concerning the precise location of the Defendant and filed under seal shall disclose or use any such material or documents for the benefit of anyone other than the Intervenors and the Attorney General, and every such person shall, at the conclusion of such services or at the request of the Attorney General, return to the Attorney General assigned to this action such materials and documents, except for such copies as may be covered by privilege, which shall continue to be governed by the terms of this stipulation.

It will be the responsibility of the Attorney General to keep a record identifying all documents and materials "filed under seal" disclosed to other authorized persons. The Attorney General will

also be responsible for keeping a record identifying persons to whom documents and materials have been disclosed.

Plaintiff does not, by filing documents and materials containing information relating to the precise location of the Defendant under seal, limit the right of the Intervenors to disseminate information, documents and materials concerning the Defendant that the Intervenors may acquire from independent sources, or the right of Intervenors to disseminate such information, documents and materials as the Plaintiff discloses to third parties or to the public without imposing upon such persons restrictions equivalent to the restrictions imposed upon the Intervenors by this order, which dissemination and restrictions Plaintiff shall disclose to Intervenors upon request. Neither does Plaintiff, by such filing, restrict the right of the Intervenors to distribute any information or documents relating to finds or discoveries in or on Great Lakes bottomlands, whether or not relating to the Defendant, that have not been disclosed to them by Plaintiff under seal.

This order will no longer control the parties if the location of the Defendant becomes generally known to the public from other sources.

In the event an Intervenor or the Attorney General receives a third party request, pursuant to subpoenas, court order, or Freedom of Information Act, for documents or materials designated as filed under seal, the Intervenor(s) or the Attorney General will take such legal steps as may, in its judgment, be available to avoid production pursuant to such request and shall notify Plaintiff of the request as soon as reasonably possible, so that Plaintiff can seek a protective order to avoid the effect of such subpoena, order or request.

If this action is dismissed or finally adjudicated, the seal of documents and materials pursuant to this order and the order of May 10, 2005 shall expire according to local rule or be governed by further order of this Court.

This Court may address any violation of this order by proceedings for contempt of court and may impose sanctions for such violations in accord with law.

IT IS SO ORDERED.


Date:     July 13, 2005              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE