**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Northern Division**

| | |
|---|---|
| GREAT LAKES EXPLORATION GROUP LLC ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:04-CV-375 |
| ) | |
| The Unidentified, Wrecked and (For Salvage- ) | HON. ROBERT HOLMES BELL |
| Right Purposes), Abandoned Sailing Vessel, etc. ) | |
| Defendant, et al. ) | |

## PLAINTIFF GREAT LAKES EXPLORATIONS' REPLY IN SUPPORT OF MOTION TO AMEND PROTECTIVE ORDER

### PRELIMINARY STATEMENT

Intervenors' Opposition to Plaintiff Great Lakes Exploration's Motion to Amend Protective Order[1] underscores precisely why the Court should grant the Motion. While Intervenors have called their filing a "Reply to Motion For Protective Order," the Court has already entered a protective order. The issue is not whether there should be a protective order, but instead, whether it should be amended.

Indeed, in their prior filings, Intervenors have acknowledged the need for a protective order, even proposing their own version to the Court. If Intervenors had desired to oppose the existence of a protective order, it was incumbent on them to file a timely motion to alter or amend. They did not do so. This Reply, therefore, focuses on the sole issue before the Court—whether the Protective Order should be amended.

As discussed below, Intervenors "Reply" reflects a good faith misunderstanding of the law applicable to trade secrets in three[2] respects. First, Intervenors' Reply springs

---

[1] Intervenors have named their response a "Reply to Motion of Protective Order."

[2] In the hope of contributing to a reasoned analysis of the issues in spite of the stream-of-consciousness, shotgun structure of Intervenors' Reply, Great Lakes has organized Intervenors' arguments into three categories. Great Lakes hopes that this structure may assist the Court's analysis of the issues, and

from the mistaken belief that "compelling circumstances" are required for protecting trade secrets under the Federal Rules of Civil Procedure. See Interv. Reply at 3. As Fed. R. Civ. P. 26(c) makes clear, the standard is "good cause."

Second, Intervenors' Reply erroneously assumes that admiralty law has somehow displaced the law of trade secrets. As discussed below, admiralty law does not displace the law of trade secrets; to the contrary, it recognizes the importance of protecting trade secrets and confidential information.

Third, Intervenors' Reply stems from a confused premise that the Fourteenth Amendment prohibition on governmental takings amounts to a "preemptive injunction on the enforcement of criminal laws."

**1. Intervenors' Reply Misapprehends the Standard For Issuing a Protective Order.**

    **a.    The Rule 26(c) Standard for Trade Secret Protection Is "Good Cause," Not "Compelling Circumstances."**

The starting premise of Intervenors' Reply is its description of the standard for determining the scope and protections of a protective order. This standard, say Intervenors, is that "A party seeking a protective order under Fed. R. Civ. P. 26(c) bears the burden of demonstrating those compelling reasons." Interv. Reply at 3. Based on this premise, Intervenors' Reply asserts that Great Lakes Exploration's Motion makes no provision for a determination of compelling circumstances.

Fed. R. 26(c) governs the standard for a protective order. See Fed. R. Civ. P. 26(c). The Rule does not require the existence of "compelling circumstances." The standard under Rule 26(c), instead, is "good cause." Fed. R. Civ. P. 26(c).

---

apologizes to the Court in advance if it has not fully understood, or has inadvertently not addressed, all the shotgun arguments that Intervenors are trying to assert.

Still, Intervenors' Reply suggests that the U.S. Court of Appeals for the Sixth Circuit has somehow re-written the plain language of the "good cause" standard under Rule 26(c) to mean, instead, "compelling circumstances". See Interv. Reply at 3. Oddly, the lone Sixth Circuit authority cited by Intervenors—an unpublished decision—nowhere mentions a requirement that the movant prove "compelling circumstances." In its published decisions, the Sixth Circuit has left no doubt that it intends to honor the plain language of the "good cause" standard under Fed. R. Civ. P. 26(c). E.g. *Rolex v. Crowley*, 74 F.3d. 716 (6th Cir. 1996) ("The Crowleys argue that Rolex failed to bear its burden under Fed. R. Civ. P. Rule 26(c) of showing good cause to preclude a deposition of Mulrooney…..We find no error in the district court's decision to grant a protective order prohibiting Mulrooney's deposition."). See generally *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); MILLER & WRIGHT, FEDERAL PRACTICE AND PROCEDURE, Civil § 2036, at 489 (2d ed. 1994) ("Thus, a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.") [3]

### b. The Amendment Proposed By Plaintiff Allows Intervenors to Contest "Good Cause."

Reading between the lines of Intervenors' Response, it appears that Intervenors are rhetorically asserting that under the amendment proposed by Great Lakes Exploration, "Left unanswered by the [present] motion is what discovery requests and information will be controlled by the permanent restrictions Plaintiff now requests and why?"

---

[3] By way of example, to help avoid fraudulent claims of independent development, the court may order the parties to simultaneously file documents or information in sealed envelopes, to be opened as directed by the Court. See Rule 26(c)(8).

Intervenors' Reply, itself, answers both the question of "what discovery requests" and "why", since it attaches the Intervenors' Request to Produce. A simple reading of the Request shows that it calls for every document and trade secret owned by Great Lakes Exploration, such as "any records and documents relating to" the exploration of the Defendant by Great Lakes Exploration and the Field Museum. See e.g. RTP #1, 5. This includes, as well, "all records and materials, including side scan sonar and magnetic data, unedited photos used to establish a mosaic, a scaled site map and field notes generated to date in the process of creating a photomosaic and mapping of the entire debris field of the shipwreck…." Id. #14. As if seeking every trade secret and documents in any way "relating to" the exploration and research for the Defendant were not enough, Intervenors do not even limit their discovery to the Defendant, and ask, instead, for all "records, including documentation and reports, of the research, search, survey and other salvage operations…including all potential candidates for the site(s) within the designated area, and all side scan sonar imagery, magnetic data, GPS positioning, research vessel logs and archaeological field notes and descriptions of salvage operations." RTP #6. Still dissatisfied with such a broad fishing net, Intervenors even request information pertaining to *any* artifacts, *whether associated with the Defendant or not*, asking for all "maps and documentation of artifacts lying within the 3 1/2 mile radius area identified in the complaint." Id. 19.

Under the amendment proposed by Great Lakes Exploration, at the time of producing a document to Intervenors, Great Lakes Exploration is required to specify whether it contains trade secrets. If Great Lakes makes such a designation, Intervenors may then dispute it if they wish to do so.

4

c. **The Amendment on Production of Trade Secrets Other Than Location Is Needed Only If the Court Desires That Great Lakes Exploration Produce Information Other Than the Precise Location of the Shipwreck.**

Intervenors' Reply reflects some confusion about the circumstances that would require an amendment regarding the scope of trade secret protection. Great Lakes Exploration asks the Court to broaden the scope only if the Court desires that it produce trade secrets to Intervenors other than the location of the shipwreck. If only the location of the shipwreck is to be produced, then the current scope of the Order is satisfactory. Great Lakes has respectfully asked for the Court's guidance.

**2. Intervenors' Reply Mistakenly Assumes That the Law Governing Historic Shipwrecks Displaces the Law Governing Trade Secrets.**

Intervenors' Reply also mistakes the basis for the protective order. Contrary to the assumption in the Reply, see Reply at 7, admiralty law does not displace either the general rules of trade secret protection or the specific "good cause" standard under Fed. R. Civ. P. 26(c).[4]

Reflecting this misconception, Intervenors' Reply references *RMS Titanic, Inc. v. Haver*, 173 F.3d 943, 976-70 (4th Cir. 1999) for the assertion that the Court of Appeals "expressly rejected" "the claimed right to appropriate intellectual information about a wreck." A simple reading of the case (and the numerous other reported cases on the background of that litigation) discloses that it had nothing to do with entry of a Fed. R. Civ. P. 26(c) Protective Order protecting trade secrets—let alone that it purported to "expressly reject" the Court's decision on the nature of proprietary information in *Columbus-America Discovery Group, Inc. v. The Unidentified, Wrecked and Abandoned*

---

[4] Also contrary to the apparent assumption in the Reply, even if it were contended that the "good cause" standard under Fed. R. Civ. P. 26(c) were in conflict with the State's claim to its bottomlands, the Federal Rule would not be superseded. U.S. Const. Art. VI (federal supremacy clause).

*Sailing Vessel*, 1989 AMC 1955 (E.D. Va. June 30, 1989). *Haver* was not even an appeal in the *Columbus-America* case, and the issue before the Court in *Haver* was not trade secret protection of documents under Rule 26, but instead whether under salvage law, RMS Titanic, Inc. could prevent the rest of the world from taking photographs of the shipwreck (provided that this could be accomplished without interference with the salvage effort in that case).

Neither the *Haver* Court, nor any other Court has suggested, let alone held, that salvage law somehow displaces trade secret law. Contrary to the predicate of Intervenors' Reply, "good cause" remains the standard for protecting trade secrets and confidential documents pursuant to Fed. R. Civ. P. 26(c).

### 3. Intervenors' Reply Confuses The Fourteenth Amendment Proscription Against Governmental Takings With Preemptive Injunctions Against Enforcement of Criminal Law.

Finally, Intervenors' Reply asserts that Great Lakes Exploration's Motion to Amend "is for preemptive injunction against enforcement of criminal laws." Reply at 9. A simple reading of the proposed amendment shows that it does not enjoin the State from enforcing its criminal laws.

To the contrary, there is nothing inconsistent between Fed. R. Civ. P. 26(c), on the one hand, and police power of the State's police power, on the other. The U.S. Supreme Court has approved the constitutionality of the Federal Rules of Civil Procedure. Just as there is nothing inconsistent between the State's police power and the fruit-of-the poisonous tree doctrine and other exclusionary rules, so too, there is nothing unconstitutional about Rule 26(c). See generally *Seattle Times Co. v. Rhinehart*, 467

U.S. at 36 ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.")

It is puzzling, in this regard, to read the protest in Intervenors' Reply that "Unlike Plaintiff, Intervenors have presented only public information to the court," Reply at 8, since a simple reading of the materials in question will permit the Court to determine the facts. See e.g. Reply to Plaintiff's Response to Motion to Dismiss, Exhibit 1 at 2, 4 (Affidavit of John Halsey dated April 29, 2005, not October 14, 2004) at 4[5]; Intervenors' Reply to Plaintiff's Response to Motion to Dismiss dated May 2, 2005 at 4, 7. While it may be too much, in what, unfortunately, seems to have become an adversarial proceeding, to hope for a candid acknowledgement, or perhaps even an apology to the Court if not to Great Lakes, it is especially troubling that Intervenors have apparently not seen fit to address their communication regarding their intent to take Great Lakes Exploration's information, or even, at a minimum, to provide the Court with the official communications they have received from the U.S. Department of State about the Republic of France's refutation of Intervenors' claims regarding the *Griffin*, and concomitantly France's understandable desire that the Court permit the expedition to go forward without further delay.[6]

In sum, the Court should amend the Order to restrict use of the information in question to the current proceeding, and thereby obviate the need for wasteful and entirely

---

[5] As previously noted, Exhibit 1 to the Intervenors May 2, 2005 Reply to Plaintiff's Response to Motion to Dismiss (typographically mis-labeled by Great Lakes in its Memorandum in Support of Motion to Amend as "Exhibit 1 (Affidavit of Wayne Lusardi) instead of "Exhibit 1 (Affidavit of John Halsey)" was filed after the Court's February 2, 2005 Order on Sealing.

[6] In the first instance, Great Lakes Exploration had hoped that the duty of candor might induce Intervenors to share the facts with the Court. Since Intervenors have apparently chosen not to do so, Great Lakes Exploration is providing the latest communication from the U.S. Department of State on behalf of the Republic of France under a separate filing with the Court.

unnecessary collateral litigation over whether the Order permits a governmental taking.[7]

See *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003, 104 S. Ct. 2862, 2873 (1984).

## CONCLUSION

The Court should amend the Protective Order.

>Respectfully submitted,
>GREAT LAKES EXPLORATION GROUP LLC

By: *Richard T. Robol*       *Roger Boer*
Of Counsel      Of Counsel
Richard T. Robol (OH- 0064345)      Roger Boer, Esq.
ROBOL & WINKLER LLC      161 Ottawa Avenue N.W.
555 City Park Avenue      Suite 600
Columbus, Oh 43215      Grand Rapids, MI 49503
Telephone: (614) 559-3839      Telephone. (616) 233-5136
Facsimile: (614) 559-3846      Facsimile: (616) 459-5102
rrobol@columbuscounsel.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August, 2005, a copy of the foregoing was served by electronic mail via the Court's ECF system upon all counsel of record.

>*Richard T. Robol*
>Of Counsel

---

[7] Intervenors' stream-of-consciousness Reply is crammed with other arguments and conclusory assertions (e.g. that Great Lakes Exploration has failed to produce documents as to which there is not trade secret claim; that the court "may lose admiralty jurisdiction based upon sovereign immunity" for foreign vessels; and that "Plaintiff cannot assert the proprietary rights of a third party," Reply at 2, 8 n.7).While such assertions, too, appear to spring from a series of misconceptions of the applicable law, they are not addressed in this Reply since they are beyond the scope of the issue presented by the pending Motion to Amend. If and when such claims are asserted through a proper procedure, they will be addressed in due course.