IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Northern Division

GREAT LAKES EXPLORATION
GROUP LLC

          Plaintiff                       Civil Action No. 1:04-CV-375

v.                                   HON. ROBERT HOLMES BELL

The Unidentified, Wrecked and (For
Salvage-Right Purposes), Abandoned
Sailing Vessel, her tackle, apparel,
appurtenances, cargo, etc. located
within a circle having a radius of 3.5
statute miles, whose center point is at
coordinates 45° 32.8' North latitude and
86° 41.5' West longitude,

          *In Rem*

          Defendant.

and

MICHIGAN DEPARTMENT OF HISTORY,
ARTS AND LIBRARIES AND MICHIGAN
DEPARTMENT OF ENVIRONMENTAL
QUALITY,

          Intervening Defendants

---

Richard Thomas Robol
Robol & Winkler LLC
555 City Park Avenue
Columbus, OH 43215
614/559-3846

Roger W. Boer
Roger W. Boer, LLC
161 Ottawa Avenue, NW
Grand Rapids, MI 49503
616/235-3500

James R. Piggush
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
517/373-7540

---

BRIEF IN SUPPORT OF MOTION TO STRIKE

Dockets.Justia.com

On July 13, 2005, this court entered its Memorandum Opinion and Order and its Protective Order. On July 22, 2005, Plaintiff filed its Motion to Alter or Amend Protective Order, in which it sought, for the first time, to provide some authority for the protection it requested.[1] On August 5, Intervenors filed their "Reply to Motion for Protective Order."

Under local rules, briefing on Plaintiff's non-dispositive motion had then ended:

(c) *Briefing Schedule.* Any party opposing a non-dispositive motion shall, within fourteen (14) days of service of the motion, file a responsive brief and supporting materials. Reply briefs may not be filed without leave of court. W.D. Mich. L. Civ. R. 7.3(c).

Plaintiff did not seek leave of court, but, on August 12, it filed a reply brief that continued to ignore Plaintiff's obligation to meet the standards for amending a court's existing order and failed to provide legal authority to support any request to exclude or to identify any specific information, other than the precise location of the defendant property, properly excluded from the public domain for good cause.

On August 16, Plaintiff filed a "Notice of filing of U.S. State Department Communication," along with a position paper concerning "why France believes the Griffon was a State vessel at the time it sank," which, by the terms of the communication, the State Department has yet to evaluate. Under local rules, Plaintiff was obliged to submit supporting documents along with its motion, and documents submitted are to relate to facts relied upon to support the motion.

(b) Supporting Documents. When allegations of facts not appearing of record are relied upon in support of or in opposition of any motion, all affidavits or other documents relied upon to establish such facts shall accompany the motion. All

---

[1] Since Plaintiff merely presented the same issues, trying to suggest that its position had legal support, the motion might more accurately have been styled a Motion for Reconsideration. In such a motion, Plaintiff would have had to specifically address a "palpable defect by which the Court and the parties have been mislead" and "that a different disposition of the case must result from a correction thereof." W. D. Mich. L. Civ. R. 7.4(a).

> discovery motions shall set forth verbatim, or have attached, the relevant
> discovery request and answer or objection.

The document submitted on August 16 does not disclose any answer of a discovery request, which Plaintiff has yet to submit in support of its request for a protective order. It does nothing to address why information about the defendant, other than its location, should be withheld from the public domain, which is the issue that Plaintiff has attempted to submit for reconsideration. Indeed, it exhibits France's use of information that Plaintiff could well claim for itself under its theory of trade secrets, unless Michigan specifically shows in 10 days that it already knew of the information before Plaintiff designated it as a trade secret.

The document is not submitted to address factual issues in this case. It is intended to introduce a political dimension into the Court's deliberations. The Court noted during the May hearing that the time required for Michigan to undertake the expected inspection of the wreck would allow France to determine whether to intervene. France's choice, at least to this point in time, is apparent from the docket sheet. Apparently France would also like to inspect the site. The State Department has not attempted to appear in these proceedings on behalf of any foreign state, and has no identifiable interest in these proceedings.

The obvious incentive is that the State Department mistakenly believes that an additional Court Order is appropriate and desirable for investigation to proceed. The Plaintiff has not yet identified the Defendant sufficiently for the Court to take in rem jurisdiction and arrest the purported vessel. Resolution of the court's jurisdiction awaits the investigation that was anticipated after Plaintiff's disclosure of the precise location of the defendant to determine its provenance and, perhaps, its identity. In the meantime, and contrary to the anxiety expressed by the State Department, nothing prevents the Intervenors, the Plaintiff or any interested third parties from investigating the site in accord with law. Nothing, that is, other than Plaintiff's

failure to disclose the location of the find, a disclosure that is fully protected from public disclosure by the court's existing order. The views of a non-party unfamiliar with the status of the case have no relevance to anything before the Court.

Although Intervenors have submitted this motion to the court, they submit that the court is fully authorized by W.D. Mich. L. Civ. R. 5.5[2] to direct the Clerk to reject the papers for their noncompliance with the court rules, and the Court need not await Plaintiff's response to this motion.

Wherefore, Intervenors request the Court to strike Plaintiff's filings of August 12 and August 16.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/ James R. Piggush

James R. Piggush (P29221)
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
517/373-7540

Dated: August 17, 2005

s:nrd/ac/cases/open/great lakes exploration/brief in supp of motion to strike

---

[2] 5.5 Rejection of Filings. The Court may order the Clerk to reject any pleading or other paper that does not comply with these rules of the federal rules of Civil Procedure unless such noncompliance is expressly approved by the Court. The Clerk shall return any rejected filing to the party tendering it, along with a statement of the reasons for rejection.