UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES EXPLORATION
GROUP LLC,

       Plaintiff,

v.

THE UNIDENTIFIED, WRECKED,
and (FOR SALVAGE-RIGHT PURPOSES),
ABANDONED SAILING VESSEL, her
tackle, apparel, appurtenances, cargo, etc.
located within a circle having a radius of
3.5 statute miles, whose center point is at
coordinates 45º 32.8' North latitude and
86º 41.5' West longitude, In Rem,

       Defendant,

v.

MICHIGAN DEPARTMENT OF HISTORY,
ARTS AND LIBRARIES AND MICHIGAN
DEPARTMENT OF ENVIRONMENTAL
QUALITY,

       Intervenors.
                                        /

File No.  1:04-CV-375

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

     This matter is before the Court on Plaintiff Great Lakes Exploration Group LLC's motion to alter or amend the Court's July 13, 2005 Protective Order (Docket #44).  The protective order mandated that "discovery materials and documents filed with the Court that

disclose the precise location of the Defendant wrecked vessel shall be filed under seal in accord with this Court's May 10, 2005, order . . . ."  The protective order also placed certain terms and conditions upon the exchange and use of materials containing the precise location of Defendant.  In this motion, Plaintiff requests three additions and one deletion from the protective order.  The requested changes consist of provisions which were in Plaintiff's original proposed protective order.  *See* Exhibit 2 (Docket #40).  The Court previously reviewed Plaintiff's proposed order and rejected it.  In its present motion, Plaintiff has not provided the Court with any reason to alter this decision.

Over three months ago, the Court ordered Plaintiff to disclose the location of Defendant to Intervenors in order to facilitate the necessary investigation of Defendant.  In light of the need for confidentiality as well as to ensure the prompt disclosure of the location, the Court also entered a protective order sealing documents containing the precise location of Defendant.  To the extent that Plaintiff is attempting to challenge certain discovery requests by Intervenors, that issue is not presently before the Court and is properly addressed through a specific challenge to a specific discovery request.  An overbroad protective order, such as the one requested by Plaintiff, is not the proper method for vindicating their objection to Intervenors' requests.

The Court reemphasizes that Intervenors must be given the precise location of Defendant.  Given the rapidly approaching seasonal change and the unpredictability of northern Michigan weather, the parties must move with expedited speed in order to

2

accomplish this investigation. The disclosure of Defendant's location will greatly assist this task.

Intervenors have also filed a motion to strike Plaintiff's "Reply to Motion for Protective Order." While Plaintiff's brief technically does not comply with the Court's local rule on briefing for non-dispositive motions, *see* W. D. Mich. LCivR 7.3(c), Intervenors have not been prejudiced by the filing. Intervenors also request that the Court strike Plaintiff's "Notice of Filing of U.S. State Department Communications" (Docket #51). Quite frankly, the Court is perplexed by Plaintiff's most recent filing. The issues raised in the e-mail from the State Department and attached memorandum are not material to any issue presently before the Court. As such, it is not necessary to strike the notice. Consequently, Intervenors' motion to strike is denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend protective order (Docket #45) is **DENIED**.

**IT IS FURTHER ORDERED** that Intervenors' motion to strike (Docket #52) is **DENIED**.

**IT IS FURTHER ORDERED** that a status conference will be held before this Court on Friday, October 7, 2005 at 2 p.m. at the Ford Federal Building, Courtroom 601, 110 Michigan N.W., Grand Rapids, MI 49503.

Date:   August 19, 2005            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE