UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES EXPLORATION
GROUP LLC,

        Plaintiff,

v.                                  File No. 1:04-CV-375

                                  HON. ROBERT HOLMES BELL

THE UNIDENTIFIED, WRECKED
AND (FOR SALVAGE-RIGHT
PURPOSES), ABANDONED SAILING
VESSEL, ETC.,

        Defendant.
                                      /

## ORDER TO SHOW CAUSE

Over two years ago, Plaintiff Great Lakes Exploration Group LLC filed a verified complaint in this Court seeking a declaration that it was the sole owner of Defendant, a salvage award, an injunction precluding third parties from interfering with its salvage operation, and an in rem arrest warrant for the vessel. *See* Pl's Compl. (Docket #1). Thereafter, the Court granted the State of Michigan's (the "State") motion to intervene for the limited purpose of filing a motion to dismiss for lack of jurisdiction and to defend the State's interest in and jurisdiction over its bottomlands and maritime cultural heritage. *See* November 18, 2004 Order (Docket #14). Prior to ruling on the State's motion to dismiss, by

stipulation of the parties, the Court suspended the proceedings so that the parties could explore resolution of their dispute. *See* February 9, 2005 Order (Docket #28).

The parties' were unable to resolve their dispute. Therefore, the Court heard oral argument on the State's motion to dismiss on May 10, 2005. The Court denied the motion to the extent that it requested a more definite statement. May 10, 2005 Order (Docket #39). This denial, however, was "predicated upon Plaintiff's compliance with Intervenors' request for documents and exhibits and the precise location of Defendant." *Id*. In the interest of maintaining the confidentiality of Defendant's location and to avoid unnecessary disclosure of the location of archaeological sites, the Court entered a protective order directing that any documents containing the precise location of Defendant shall be filed under seal and maintained in strict confidentiality by the parties. July 13, 2005 Order Concerning Documents Filed Under Seal (Docket #43). Thereafter, the Court denied Plaintiff's motion to alter or amend the July 13, 2005 order. In the Court's denial of the motion to amend, it made it unmistakably clear that Plaintiff was to provide the State with Defendant's precise location. Aug. 19, 2005 Mem Op. & Order at 2-3 ("The Court reemphasizes that Intervenors must be given the precise location of Defendant.").

Rather than disclose the precise location of Defendant, Plaintiff filed a second amended complaint. Now, well over one year after the Court ordered Plaintiff to do so, Plaintiff has yet to disclose Defendant's precise location to the State. This despite the fact that Plaintiff clearly recognizes that the Court ordered it to do so. *See* Pl.'s Br. Mot. to

Alter/Amend Protective Order at 2 (Docket #45) ("As the date of this Motion, the Court has not directed that Plaintiff disclose any information to Intervenors, *other than the precise location of the shipwreck and debris fields*.") (emphasis added). Moreover, Plaintiff's agent, Stephen Libert, has unequivocally indicated in public statements that Plaintiff will not comply with the Court's order mandating disclosure of Defendant's precise location. *See e.g.*, Peggy Walsh-Sarnecki, *Explorer, State Square Off Over Shipwreck*, DETROIT FREE PRESS, July 17, 2006 ("We can dive on it (Defendant), that doesn't require permits," Libert said. "*But I'm not going to let the state know where the location is*.") (emphasis added). For reasons best known to Plaintiff, it has apparently determined that it will intentionally and willfully disregard this Court's orders.[1] It is incumbent on the Court to see that it's orders are enforced and complied with. Accordingly,

---

[1] The three circles encompassing approximately 2.3 square miles identified in Plaintiff's Second Amended Complaint do not comply with the Court's order to disclose the precise location of Defendant. The only evidence of Defendant in the record is a photograph, taken underwater, depicting a large wooden beam. *See* Exhibit A, Lusardi Aff. (Docket #10). Plaintiff surely knows the precise location of this object within the three circles identified in the complaint and has, to date, willfully determined not to disclose it to the State. As the Court has repeatedly said, disclosure of this location will greatly assist the State in its initial investigation and in framing a possible answer to the complaint. *See also Fathom Exploration, LLC v. The Unidentified Shipwrecked Vessel or Vessels, et al.*, 352 F. Supp. 2d 1218, 1226 (S.D. Ala. 2005) (directing Plaintiff to disclose "reasonably available basic information in its possession that might aid potential claimants in assessing the validity of their claims," including the precise location from which artifacts were recovered and the location of wreckage within the two nautical mile zone identified in the complaint).

**IT IS HEREBY ORDERED** that Plaintiff must **SHOW CAUSE** why the Complaint should not be dismissed for failure to comply with the Court's order directing that Plaintiff provide the precise location of Defendant to the State.

**IT IS FURTHER ORDERED** that Plaintiff and Intervenor must file briefs, within fourteen (14) days of the entry of this order, addressing why the Complaint should not be dismissed for Plaintiff's failure to comply with the Court's order.

Date:  July 20, 2006  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE