IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Northern Division

GREAT LAKES EXPLORATION )
GROUP LLC )
 )
        Plaintiff, )
 )
v. ) Civil Action No. 1:04-CV-375
 )
The Unidentified, Wrecked and (For ) HON. ROBERT HOLMES BELL
Salvage-Right Purposes), Abandoned )
Sailing Vessel, her tackle, )
apparel, appurtenances, cargo, etc. )
located within a circle having ) **INTERVENORS' BRIEF ON ORDER**
a radius of 3.5 statute miles, whose ) **TO SHOW CAUSE**
center point is at coordinates )
45° 32.8' North latitude and 86° 41.5' )
West longitude, )
 )
        *In Rem* )
 )
        Defendant, )

v

STATE OF MICHIGAN DEPARTMENT
OF HISTORY, ARTS, AND LIBRARIES
AND MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

        Intervenors.
_____/

| Richard Thomas Robol | Roger W. Boer | James R. Piggush (P29221) |
|---|---|---|
| Robol Law Office | Roger W. Boer, LLC | Assistant Attorney General |
| Attorney for Great Lakes | Co-Counsel for Great | Environment, Natural |
| Exploration Group | Lakes | Resources |
| 614/559-3846 | Exploration Group |   and Agriculture Division |
| | 616/235-3500 | Attorney for Intervenors |
| | | 517/373-7540 |

## INTERVENORS' BRIEF ON ORDER TO SHOW CAUSE

On July 20, 2006, the Court directed the parties to file briefs addressing why the Complaint should not be dismissed for Plaintiff's failure to comply with the Court's order directing the Plaintiff to provide the precise location of the Defendant to the State. State Intervenors support the dismissal.

WD Mich L Civ R 41.1 authorizes the court to issue an order directing a party to show cause why a case should not be dismissed for failure to comply with a court order and to dismiss the action with or without prejudice and with or without costs, if the party fails to show cause for its failure to comply with the order. *Tetro v Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F3d 988, 991 (6th Cir 1999).

As stated in *Mulbah v Detroit Bd of Education*, 261 F3d 586, 592 (6th Cir, 2001), the Sixth Circuit requires the district courts to consider a four-factor test when considering whether to dismiss a case pursuant to F R Civ P 41(b), the rule that provides for dismissal for failure to comply with an order of the court:

> We consider four factors in assessing the appropriateness of a district court's decision to dismiss a complaint for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. Knoll v. American Tel. & Tel., 176 F.3d 359 (6th Cir. 1999) (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) see also *Harmon v. CSX Transp.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

None of the factors of the test is dispositive; a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff. *Mulbah*, 261 F3d at 592.

2

I.   Plaintiff contumaciously refuses to disclose the precise location of the Defendant

The Plaintiff's failure to disclose the precise location of the Defendant in this case reflects Plaintiff's resolve not to disclose the location of the Defendant, whatever the court may order. Plaintiff's resolve appears in the public press,[1] but was first stated in Plaintiff's objections to Intervenors' Requests to Produce, which issued after Plaintiff's attorney had praised those Requests at the May 10, 2005 hearing on Intervenors' Motion to Dismiss as finally getting right how to proceed in this matter. But, the Court had denied Intervenors' Motion to Dismiss "to the extent that Intervenors' motion requests a more definite statement pursuant of FED R Civ P Suppl E(2)" predicated upon Plaintiff's compliance with Intervenors' request for documents and exhibits and the precise location of Defendant" (Docket 39), and anticipated that the Defendant's precise location would be filed under seal with the Court.

When it filed its responses to the discovery requests, Plaintiff declared its unwillingness to comply with any order that requires disclosure of the Defendant's location even under protective orders. Plaintiff's responses to requests Nos. 1, 2, 4, 5, 6, 7, 8, 13, 14, 17, 18, 19 and 20 (Doc 41, Exhibit 2), assert protection of the coordinates of the defendant, even after entry of a protective order that would allow disclosure of the other information requested. The responses typically read like Plaintiff's response to Request to Produce 8, which requested "all logs, records, side scan sonar imagery, GPS location and other documentation and reports that relate to the location of a wrecked and abandoned sailing vessel . . ., as described in paragraph 2 of the verified amended complaint." (Id., Response No. 8). That response was as follows:

> Plaintiff objects to this Request as overbroad, ambiguous and unduly burdensome, and as calling for the production of trade secrets and documents falling within the work product privilege. Without waiving its objections,

---

[1] See, Peggy Walsh-Sarnecki, "Explorer, State Square Off Over Shipwreck," Detroit Free Press, July 17, 2006 http://www.freep.com/apps/pbcs.dll/article?AID=/20060717/NEWS05/607170337

3

> Plaintiff will produce non-privileged documents *which do not compromise the coordinates of the shipwreck upon entry of a Protective Order* and upon reciprocal agreement with Intervenors regarding relevance.

Plaintiff thereafter sought a protective order that would give it permanent control over whatever information it would designate as confidential and over all information derived from that information to allow disclosure of the location of the Defendant (Docket 40). The court entered an appropriate order that protects the confidentiality of the Defendant's location and avoids unnecessary disclosure of the location of archaeological sites (Docket 43). Plaintiff sought modification of that order, acknowledging its obligation to disclose the precise location of the shipwreck and debris fields (Docket 45). But, it then sought modification to protect information that it regards as its "trade secrets." In his supporting Affidavit, Mr. Libert asserted a proprietary interest in any investigation undertaken by the Intervenors, unless based upon independently developed information, so that it would not disclose Defendant's location (Docket 45, p 4).

Having provided protection for the precise location of the Defendant (Docket 44), the Court rejected Plaintiff's request to revise the Protective Order, reemphasizing that "Intervenors must be given the precise location of the Defendant" "to facilitate the necessary investigation of the Defendant." (Docket 55). The parties were to move with expedited speed to accomplish the required investigation, in light of the approaching seasonal change and the unpredictability of northern Michigan weather. (Id).

The court entered its order almost exactly a year ago, and the same seasonal changes approach. But, Plaintiff continues to withhold the coordinates of the Defendant, despite entry of the Protective Order, as Plaintiff said it would do. Public news reports indicate that Plaintiff's principal, Mr. Steve Libert, persists in his resolve not to reveal the information protected by this courts' protective order, despite the court's order to do so. Intervenors' efforts to obtain through

4

negotiation the information concerning the location of the Defendant to which Intervenors are entitled, if the court is going to assert jurisdiction over the claimed Defendant, has met with unacceptable conditions.

There is no inadvertence in Plaintiff's refusal to disclose the precise location of the Defendant. Rather, Plaintiff wants this admiralty court to protect it proprietary interests in information about a wreck, despite what the court determined it must do to sustain its in rem, admiralty action. Plaintiff's non-disclosure reflects its effort to thwart judicial proceedings, so that the failure is culpable. *Shepard Claims Serv v William Darrah & Associates*, 796 F2d 190, 194 (6th Cir, 1986). Dismissal is appropriate based on Plaintiff's willful refusal to comply with the court's order to provide information the court has determined is necessary for it to exercise rem jurisdiction.

II. <u>Plaintiff's refusal to obey the court's order has prejudiced the Intervenors.</u>

To defend this action, Intervenors must make an initial showing that the find is embedded in Michigan bottomlands, and they may additionally need to identify the find, determine whether it is a historically significant vessel and establish that it was abandoned. Yet, Plaintiff withholds information relevant to such issues and necessary even to investigate them.

When objecting to Plaintiff's proposed Second Amended Complaint because it appeared to be no more than a device designed to avoid the court's order to disclose the precise location of the defendant, Intervenors submitted the affidavit of Mr. Wayne Lusardi, who noted that the description of the Defendant only by the characteristics of the original vessel Plaintiff believes to be the Defendant wreck hid the character of the target, requiring a search for whatever it is Plaintiff regards as the Defendant or parts of the Defendant: "Because the exact latitudes and longitudes of the defendant so far as they are known were not provided, no investigation of

5

archaeological sites can occur until objects are located on the bottom of the given search areas."
(Docket 65, ¶ 9). When exact coordinates from a prior investigation are available, investigation can commence without extensive search efforts. (Id., ¶ 13). The three search areas identified in the Second Amended Complaint would not provide a reasonable opportunity to investigate the Defendant, Lusardi disclosed. (Id., ¶ 9). Global positioning information concerning the precise location of archaeological objects is customarily used to prepare site maps and document the location and provenance of historic artifacts and sites, but Plaintiff did not provide it. (Id., ¶6).

As set forth in Mr. Lusardi's affidavit of July 6, 2006 (Docket 95), the lack of information concerning the precise location of the Defendant has relegated the Intervenors to ongoing sonar searches for the unknown Defendant and prevents Intervenors from investigating any archaeological site that can legitimately be considered the Defendant. Intervenors' searches have yet to identify the Defendant. That doesn't mean that Intervenors haven't seen what Plaintiff regards as the Defendant. But for the single object provided to Intervenors before Defendant initiated litigation, there is no way of knowing what Plaintiff considers to be parts of the wreck of the Griffon. It is difficult to know what constitutes a defense, since Plaintiff will not disclose its claim. What must Intervenors show is embedded?

The situation created by Plaintiff's refusal to disclose the precise location of the defendant, despite having been ordered to do so, prejudices the Intervenors' ability to defend this action and indicates the propriety of dismissing the present action, with costs. In *Harmon v CSX Transportation, Inc.*, 110 F3d 364, 368 (6th Cir,1997), the court upheld dismissal for failure to provide discovery, noting the prejudice that arises from inability to secure information and the waste associated with attempting to secure information independently or only through the cooperation of the offending party:

> We have no doubt that *CSXT* was prejudiced by Harmon's failure to respond to its
> interrogatories. Not only had *CSXT* been unable to secure the information
> requested, but it was also required to waste time, money, and effort in pursuit of
> cooperation which Harmon was legally obligated to provide.

Intervenors could only file their motion to dismiss because of information Plaintiff provided before filing suit. But to state an action Plaintiff had to state the circumstances from which the claim arises with sufficient particularity to allow a claimant to commence an investigation of the facts and to frame a responsive pleading, that is, Plaintiff had to disclose the precise location of the Defendant, as the court ordered. Plaintiff claims sole prerogative over information concerning its find, even while it seeks protection from the court. As a result of Plaintiff's failure to disclose the precise location of the Defendant, Intervenors have had to search three areas, based upon the assumption that the single object identified to date is within the three circles specified in the Second Amended Complaint and upon Plaintiff's representation that it has made a significant find, even though Plaintiff's action may actually be driven by fund-raising objectives, not the significance of its find. Without the required disclosure of information concerning the Defendant, as ordered by the court Intervenors can meet Plaintiff's claims only by wasting time and money, hoping they will recognize what Plaintiff will say is significant or they must secure Plaintiff's cooperation to provide the information it is obliged to provide. Since Plaintiff has chosen to refuse to disclose the information it is required to provide, this matter should be dismissed and Plaintiff assessed the costs of the unnecessary searches it has imposed upon Intervenors.

III. The Court repeatedly warned Plaintiff of its obligation to disclose the precise location of the Defendant as a condition for proceeding with this action.

Before a court dismisses a case for failure to prosecute, the Sixth Circuit requires it to provide "clear indication" that the case may be dismissed if the party does not proceed with it.

7

*Wu v T. W. Wang, Inc*, 420 F3d 641, 644 (6th Cir, 2005). Local Rule 41.1 provides for such notice by Order to Show Cause. But, where a derelict party has engaged in "bad faith or contumacious conduct," the district courts may proceed with dismissal, even without giving prior notice that dismissal is contemplated. *Harris v Callwood*, 844 F2d 1254, 1256 (6th Cir 1254).

Admiralty law and the Abandoned Shipwreck Act, 43 USCS § 2101 *et seq* exclude certain vessels from admiralty jurisdiction, depending upon their relationship to their original owner, identity, location and provenance. The State could not assert a claim if the Defendant were not embedded and/or abandoned and/or of historical significance, since state ownership flows from an exception to the law of finds, see, e.g. *Chance v Certain Artifacts Found and Salvaged from the Nashville*, 606 F Supp 801 (SD Ga 1984), and/or the Abandoned Shipwreck Act. F R Civ P Suppl R C(2) and E(2) require the complaint to contain factual allegations sufficiently particular to enable a claimant to begin an investigation of the facts and to frame a responsive pleading, which indicates it must include information sufficient to frame a defense based upon relevant issues such as how the wreck is related to the bottomland and its identity, etc. Conversely stated, Plaintiff's access to admiralty court depends not only upon whether it has salvaged anything but also upon what it has discovered and its condition, so that it must relate reasonably available information concerning the location, nature, and embedded status of the wreck on which salvage operations are being conducted. *Fathom Exploration, LLC v. The Unidentified Shipwrecked Vessel or Vessels*, 352 F Supp 2d 1218 (S.D. Ala. 2005). The Court so informed Plaintiff when it first addressed a contested issue in this case. (Docket 39).

This court has repeatedly informed Plaintiff of its duty to disclose the location of the Defendant if it is to sustain this action. Before it issued the Order to Show Cause (Docket 98), this court stated, restated and reemphasized Plaintiff's duty to disclose the defendant's precise

location (Docket 39, 43 and 55), providing for the protection of the confidentiality of the precise location of the Defendant. Yet, Mr. Libert expresses his resolve not to disclose the Defendant's location to the State carrying forward the resolve expressed in Plaintiff's discovery responses which indicated it would not disclose the coordinates, even after entry of a protective order. Investigation could not occur before onset of winter weather last fall, and winter approaches again. The court still has before it Intervenors' motion to dismiss, which they brought on the basis of a photo provided by Plaintiff's before it filed suit, showing a large wooden beam that extends from Michigan bottomlands. Plaintiff's seeks to avoid that dismissal by urging that Intervenors' evidence is not sufficient to show lack of jurisdiction, while Intervenors futilely searched for the Defendant and the court repeats its warnings. As clear as the court has made Plaintiff's duty to disclose the precise location of the defendant to allow the Intervenors to initiate their own investigation and frame a responsive pleading, dismissal should flow from the refusal to disclose alone.

IV.  Dismissal with prejudice is the appropriate sanction in the present circumstances.

Plaintiff's complaint does not disclose known information about the defendant that would allow any other person to commence an investigation and frame a responsive pleading. And, in response to Plaintiff's claimed proprietary interest and Intervenors' concern that archaeological sites be protected, the court provided for disclosure of the precise location under seal. Based upon its private determination that the Court's protection is not good enough, or its resolve to defeat the State's claim, Plaintiff persists in impeding the ability of the Intervenors to frame their defense, while it submits its own representations concerning the identity and condition of the Defendant in its effort to defeat Intervenors' motion to dismiss.

Where an attorney fails to comply with pretrial preparation orders, a court should order dismissal only in situations amounting to failure to prosecute the action, where no alternative sanction would protect the integrity of the pretrial process. *Mulbah*, 261 F3d at 589. But, it is different where the issue is not whether an attorney's failures have gone too far, but there is "a clear record of delay or contumacious conduct by the plaintiff." *Carter v. Memphis*, 636 F2d 159, 161 (6th Cir 1980).

The issue here is not failure to prosecute, but refusal to comply with the court's order, an order issued to address specific requirements of the present case, and designed to allow the case to go forward, consistent with the requirements of the court rules. There cannot be judicial process in the absence of the disclosure of the precise location of the defendant so that the Intervenors can investigation the Defendant and frame a defense.

The court ordered Plaintiff to disclose the precise location of the defendant rather than grant a motion for more definite statement (Docket 39). In the context of failure to obey discovery orders, a party that seeks to avoid dismissal has the burden to establish that the failure to comply was not due to its willfulness or fault. *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F2d 150, 154 (6th Cir 1988). Plaintiff's failure to disclose here was willful and designed to thwart an order describing the necessary conditions for proceeding within in rem judicial process. Plaintiff's failure has prevented investigation for two summers and appears aimed at avoiding dismissal on Intervenors' pending Motion to Dismiss (Docket 76), so that the Intervenors will have to prove abandonment of a hypothetical Defendant, upon complete trial on the merits. Stated otherwise: no sanction other than dismissal will protect the integrity of the judicial process, which, as this court has repeatedly indicated, depended upon Plaintiff's

disclosure of the precise location of the Defendant so that Intervenors could commence an investigation and frame a responsive pleading.

Dismissal without prejudice would leave the Plaintiff free to re-file this same action, *Semtek International Inc v Lockheed Martin*, 531 US 497; 121 S Ct 1021; 149 L Ed 2d 32 (2001), perhaps making the disclosures described by the court, but suffering no sanction while it proceeds with its own investigation. To obtain the protection of this court, Plaintiff needed to make the required disclosure, as the court ordered it to do so. Given the showing Intervenors have already made that the Defendant is embedded in Michigan bottomlands, it is likely that Plaintiff needs to seek relief other than a salvage claim under admiralty, in rem jurisdiction. Dismissal ought to be with prejudice.

## PRAYER FOR RELIEF

WHEREFORE, Intervenors request the court to dismiss the present action with prejudice, and impose upon Plaintiff the costs Intervenors have suffered as a result of Plaintiff's refusal to disclose the precise location of the Defendant.

    Respectfully submitted,

    Michael A. Cox
    Attorney General

    /s/

    James R. Piggush (P29221)
    Assistant Attorney General
    Environment, Natural Resources
      and Agriculture Division
    P.O. Box 30755
    Lansing, MI 48909
    517/373-7540

Dated: August 3, 2006
s:nrd/ac/cases/open/great lakes exp 04ag/brief on order to show cause w pos

## PROOF OF SERVICE

I, James R. Piggush, verify that on August 3, 2006, Susan Bertram electronically filed Intervenors' Brief on Order to Show Cause. I also certify that the following non-ECF participant was served by first class mail: Roger W. Boer, Roger W. Boer, LLC, 600 Waters Building, 161 Ottawa Avenue, NW, Grand Rapids, MI 49503.

    /s/ James R. Piggush