UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES EXPLORATION
GROUP LLC,

        Plaintiff,

v.

THE UNIDENTIFIED, WRECKED, AND
(FOR SALVAGE-RIGHT PURPOSES),
ABANDONED SAILING VESSEL, her
tackle, apparel, appurtenances, cargo, etc.,
located within a circle having a radius of
3.5 statute miles, whose center point is at
coordinates 45º 32.8' North latitude and
86º 41.5' West longitude, *In Rem*,

        Defendant,

v.

MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY AND
MICHIGAN DEPARTMENT OF HISTORY,
ARTS, AND LIBRARIES,

        Intervenors.
_____/

File No. 1:04-CV-375

HON. ROBERT HOLMES BELL

**ORDER REGARDING ARREST WARRANT
AND DISCLOSURE OF INFORMATION**

In accordance with the Sixth Circuit opinion issued on April 22, 2008, and mandate

issued on May 14, 2008,

        **IT IS HEREBY ORDERED** that pursuant to Rule C(3)(a)(i) of the Supplemental

Rules for Admiralty or Maritime Claims the Court **SHALL** issue a **CONDITIONAL WARRANT FOR THE ARREST** of Defendant Unidentified, Wrecked, and (For Salvage-Right Purposes), Abandoned Sailing Vessel, as further identified in paragraphs two, six, and seven of Plaintiff Great Lakes Exploration Group LLC's second amended complaint (Dkt. No. 60, Ex. 3). The Clerk of the Court **SHALL** forward a copy of the arrest warrant to the Marshal. In consideration of the location and condition of Defendant, at the discretion of the Marshal, Plaintiff **SHALL** assist the Marshal in the execution of the arrest warrant. The arrest **SHALL** be valid if this warrant is executed within thirty days of issuance. If the arrest warrant is not executed within thirty days of issuance, Plaintiff **SHALL** file a notice with the Court explaining why the arrest warrant has not been executed.

**IT IS FURTHER ORDERED** that upon the Marshal's execution of the arrest warrant the Court **SHALL** have jurisdiction over Defendant and no person **SHALL** seize, remove, take physical possession of, or otherwise disturb Defendant without prior authorization from the Court.

**IT IS FURTHER ORDERED** that the Court's July 13, 2005, order concerning documents filed under seal (Dkt. No. 44) **SHALL** remain in effect. Plaintiff **MAY** provide additional information about the location of Defendant to the Marshal. Any such disclosure **SHALL** be made in conformance with the Court's July 13, 2005, order, and **SHALL** be treated as "filed under seal" in conformance with the Court's July 13, 2005, order.

**IT IS FURTHER ORDERED** that within thirty days of the Marshal filing notice of

the execution of the arrest warrant Plaintiff **SHALL** disclose to Intervenors Michigan Department of Environmental Quality and Michigan Department of History, Arts, and Libraries the precise location of Defendant. Within thirty days of receiving Defendant's precise location from Plaintiff, Intervenors **SHALL** certify their receipt of such information to the Court. Plaintiff and Intervenors are not obligated to file Defendant's precise location with the Court.

**IT IS FURTHER ORDERED** that within ten days after execution of the arrest warrant Plaintiff **SHALL** cause public notice of the action and arrest to be given for a period of not less than five consecutive days in the *Grand Rapids Press*, Grand Rapids, Michigan, and the *Marquette Mining Journal*, Marquette, Michigan. The public notice **SHALL** set forth the court and docket number of this action, a general description of the nature of this action, the fact of the arrest, and the requirement that any persons claiming any interest in the *in rem* Defendant must file with the Clerk of the Court a verified claim within ten days after the last day on which the public notice appears, and must file an answer within twenty days after the filing of the claim.

Date:   June 2, 2008           /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               CHIEF UNITED STATES DISTRICT JUDGE