# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### Northern Division

| | | |
|---|---|---|
| GREAT LAKES EXPLORATION GROUP LLC | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-375 |
| The Unidentified, Wrecked and (For Salvage-Right Purposes), Abandoned Sailing Vessel, her tackle, apparel, appurtenances, cargo, etc. located within a circle having a radius of 3.5 statute miles, whose center point is at coordinates 45° 32.8′ North latitude and 86° 41.5′ West longitude, | ) ) ) ) ) ) ) ) ) ) ) | HON. ROBERT HOLMES BELL |
| *In Rem* | ) ) | |
| Defendant, | ) ) | **INTERVENORS' RESPONSE TO PETITIONER'S REQUEST FOR ENTRY OF SUBSTITUTE CUSTODIAN ORDER** |
| v. | | |

STATE OF MICHIGAN DEPARTMENT
OF HISTORY, ARTS, AND LIBRARIES
AND MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

Great Lakes Exploration Group LLC v. Unidentified Wrecked and (For Sa...bandoned Sailing Vessel, The          Doc. 117

Intervenors.

_____ /

| | |
|---|---|
| Richard Thomas Robol | James R. Piggush |
| Robol Law Office | Assistant Attorney General |
| 555 City Park Avenue | Environment, Natural Resources, |
| Columbus, OH 43215 | and Agriculture Division |
| 614/559-3846 | P.O. Box 30755 |
| | Lansing, MI 48909 |
| Roger W. Boer | 517/373-7540 |
| Roger W. Boer, LLC | |
| 600 Waters Building | |
| 161 Ottawa Avenue NW | |
| Grand Rapids, MI 49503 | |
| 616/235-3500 | |

Dockets.Justia.com

## INTERVENORS' RESPONSE TO PETITIONER'S REQUEST FOR ENTRY OF SUBSTITUTE CUSTODIAN ORDER

Intervenors object to entry of the "Substitute Custodian Order" (Docket 116-2) proposed by Plaintiff, Great Lakes Exploration Group (GLEG).

In 2004 this Court denied Plaintiff's Motion for Substitute Custodian. (Docket 2).[1] GLEG now requests an Order appointing it Substitute Custodian, but with no new showing of financial responsibility or demonstration of its ability to preserve the artifacts it would retain. Further, the provisions of the proposed Order go well beyond its title. If the order is entered, it will partially invalidate this Court's "Order Regarding Arrest Warrant and Disclosure of Information" (Docket 114), an order specifically authorized by the Sixth Circuit in its April 22, 2008 Opinion that restricts Plaintiff from any further salvage activity.[2] The proposed Order is self-serving, self-aggrandizing and lacks evidentiary support.

The named defendant is alleged to be in Lake Michigan, and GLEG claims to be a salvor having a lien in goods it has recovered. In these circumstances, arrest of the submerged wreck itself is not possible, since Marshals will not arrest a submerged wreck over which they cannot exercise control. Benedict on Admiralty describes the practice in this area:[3]

> The Marshall will not arrest a submerged wreck, or submerged cargo, because the Marshall cannot take possession of the property so as to protect it, and the Marshall's insurance does not cover the Marshall. Location and identification of the property under water is not enough: the Marshall will not "plaster a boat or a buoy anchored over a submerged wreck, or a pier in the vicinity."

---

[1] See, Order of June 23, 2004 (Docket 5).

[2] Great Lakes Exploration Group, LLC (GLEG) v Unidentified Wrecked and (For Salvage-Right purposes), Abandoned Sailing Vessel, 522 F.3d 682, 696 (6th Cir 2008).

[3] 8 Benedict on Admiralty, "Maritime Arrest," § 54, MA 59.

But, the Sixth Circuit authorizes constructive in rem jurisdiction over an entire shipwreck by arrest of a physical part of the shipwreck according to warrant.[4] Accordingly, GLEG proposes to provide the Marshall with an artifact retrieved from the named defendant vessel so that the court can exercise actual in rem jurisdiction over such artifact(s) and constructive in rem jurisdiction over the wreck.

GLEG's "Notice" recites that "it is ready, willing and able to proceed with the arrest," and its proposed "Order" represents that the Marshall has said that substitute custodian is necessary for the arrest warrant to be executed.

F R Civ P R C(3)(b)(i) requires that any arrest of a vessel or tangible property on board a vessel be made by the Marshall. As the Sixth Circuit notes, the court attains jurisdiction over the wreck by valid seizure and actual control over the res by the Marshall.[5] Tangible property must be taken into the marshal's physical possession for safe keeping until directed by the court.[6] The Court's exclusive custody and control over the property gives the court jurisdiction to adjudicate rights of the salvor against the world,[7] and to issue an order concerning arrested property in its custody. F R Civ P R (E)(4)(d).

A substitute custodian is "necessary" only if GLEG has not provided the Marshall with the resources required to maintain the artifact(s) in custody. The Marshall may not expend government resources on behalf of a private party and may only proceed with an arrest where there is a prior deposit to cover any expenses F R Civ P R E(4)(e). Custody of artifacts from an ancient ship wreck may require significant curator services and associated expenses. Appointment of a substitute custodian is a device intended to save the costs associated with the

---

[4] GLEG, 522 F3d at 694.
[5] GLEG, 522 F3d at 694.
[6] F R Civ P R E(4)(b).
[7] GLEG, 522 F3d at 694.

Marshall's duties with respect to a vessel during court proceedings.[8] Such substitute custodian must be prepared to perform the Marshall's custodial duties and to protect the artifacts during the proceedings.

GLEG has not provided the court with any reason why it should be appointed the substitute custodian instead of third parties, such as the archaeology departments of the various Michigan Universities and museums, which have obvious expertise and facilities. GLEG has provided no showing of its ability to perform the needed curator services or of its financial capacity to perform them.

Under the proposed order, GLEG could conceivably continue its salvage activities without supervision or accountability, claiming that, as it acquires objects, it is simply transferring materials from the court's constructive to its actual jurisdiction, with no obligation even to disclose the transfer. Even the object it proposes to deliver to the Marshall for the initial arrest would go right back to it, without any interested party having access to the material to document what GLEG admits to recovering to date.

A salvor operates on behalf of the actual owner of a vessel and must deliver any artifacts it recovers to the court and place them under the Court's actual jurisdiction, since to retain recovered items in its own possession without submitting them to the jurisdiction of the court amounts to a conversion. Plaintiff cannot retain "past" objects in its physical custody and not deliver them to the Court. 3A Benedict on Admiralty, § 157, p 11-15. GLEG neither provides an inventory of its recoveries nor does it represent that the fragment it will produce is its entire retrieval from the wreck to date. Any order appointing a substitute custodian should require

---

[8] *Lahre v Intrepinderea Mechanica Navade Galati*, 1990 AMC 382, 388 (MD Fla, 1988).

GLEG first to inventory all items it has removed from the alleged wreck to date and to deliver them to the Marshall for documentation and arrest.

GLEG indicates that, with its appointment, it is prepared to go forward with the arrest. But, a substitute custodian does not perform an arrest for the Marshall. An arrest must be made by the Marshall. F R Civ P R C(3)(b). As to the future, the court can sustain in rem jurisdiction over artifacts associated with the wreck by an order that provides for arrest of each object by the Marshall as it is bought ashore, and for subsequent delivery to a substitute custodian.[9] If both process server and custodian, GLEG could remove materials from the named wreck and thereby deliver the materials into the Court's jurisdiction without supervision or accountability. Unless the order appointing a substitute custodian requires disclosure of recoveries and an inventory of all recoveries, the court could be charged with having taken actual jurisdiction over items of which it lacks any knowledge.

The proposed order also goes well beyond mere appointment of a custodian. It serves of invalidate this court's "Order Regarding Arrest Warrant and Disclosure of Information" (Docket 114). It is overreaching. It purports to establish the status of GLEG as a salvor, a matter subject to significant and fundamental dispute.

At the last paragraph of page 2, the proposed order (Docket 116-2) describes GLEG as conducting exploration, recovery and salvage of the defendant, and it gratuitously characterizes GLEG's efforts to date as beneficial. It would designate GLEG as a salvor, who has protected and is protecting the historical and archaeological values of the named Defendant.

It may be that GLEG should more properly be described as having violated Michigan law. To protect state resources, persons who remove material from state bottomlands must first

---

[9] See, 8 Benedict on Admiralty, "Maritime Arrest," § 54, MA 59-60.

obtain state permits. MCL 324.32512. And, removal of artifacts from the named defendant without state permits may well constitute a crime, not lawful salvage. MCL 324.76106.

It has yet to be determined whether GLEG is engaged in any ongoing lawful salvage operation that should be protected. Yet the order provides for congratulations and authorizes continuation of "salvage" efforts to protect the wreck's value. If there is any basis for designating GLEG as a salvor, the designation should come only after full exploration of the issues of the case and the determination that the court actually has admiralty jurisdiction, not just conditional jurisdiction pursuant to a conditional arrest warrant.

GLEG's representation in the last paragraph of page 2 of the proposed order that it is conducting "its exploration, recovery and salvage of the Defendant" should be read together with the first paragraph of page three of the proposed order and the first two paragraphs of page four (Docket 116-2), and then these paragraphs compared to this Court's "Order Regarding Arrest Warrant and Disclosure of Information" (Docket 114). The Court's order provided: "[U]pon the Marshall's execution of the arrest warrant the Court Shall have jurisdiction over Defendant and no person Shall seize, remove, take physical possession or, or otherwise disturb Defendant without prior authorization from the Court." Despite the Court's Order, the draft order represents that GLEG may conduct recovery and salvage of the Defendant, that GLEG can determine that it is necessary to raise, remove or disturb the Defendant, and that all other persons must refrain from damaging, destroying, looting, pillaging, raising, removing, and/or disturbing Defendant vessel, and from interfering with GLEG's efforts to protect the scientific, historical and archaeological value of the shipwreck.

It is not just the activities of "other persons," but those of GLEG itself that are governed by this court's order, an order issued in recognition that "salvage operations might jeopardize the

6

interests of Michigan, which could eventually acquire title to the vessel under the ASA."[10] It should go without saying: "When 'jurisdiction of the res is obtained by a seizure under process of the court,' however, the parties are required 'to abide by such order as the court may make concerning it.'"[11] GLEG and all others are prohibited from salvage or disturbance of the Defendant wreck without prior authorization from the Court. And, the Court has so provided already. No need to rewrite the prohibition as though it only affected others. Particularly when the action requested is only to appoint someone who can maintain custody over items removed from the wreck during upcoming legal proceedings.

WHEREFORE, Intervenor requests that:

1) the court not appoint GLEG substitute custodian without assurances, a) that GLEG has delivered to the Marshall all items removed from the wreck before such appointment is made, b) that GLEG will regularly provide an inventory of any items removed from the wreck that are within its custody; and c) that GLEG is able to provide such care for artifacts removed from the defendant wreck as may be required to preserve their scientific integrity;

2) any such appointment order not designate GLEG as a salvor of the wreck or describe any prior activities or ongoing activities as protecting any values of the alleged wreck; and

3) No provisions in any such appointment order describe GLEG as engaged in any ongoing activities with respect to the wreck or describe the court's protection of the wreck as

---

[10] GLEG, 522 F.3d at 696.
[11] GLEG, 522 F.3d at 696.

limited to prohibitions of the activities of persons other than GLEG, as though GLEG could

continue its activities without specific court authorization.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/

James R. Piggush (P29221)
Assistant Attorney General
Environment, Natural Resources
   and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
517/373-7540

Dated: July 3, 2008

## PROOF OF SERVICE

I, James R. Piggush, verify that on July 3, 2008, Susan Bertram electronically filed Intervenors' Response to Petitioner's Request for Entry of Substitute Custodian Order.

/s/ James R. Piggush

s:nrd/ac/cases/open/great lakes exp 04ag/response re substitute custodian