# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### Northern Division

GREAT LAKES EXPLORATION      )
GROUP LLC      )
     )
         Plaintiff,      )
     )
v.      )      Civil Action No. 1:04-CV-375
     )
The Unidentified, Wrecked and (For      )      HON. ROBERT HOLMES BELL
Salvage-Right Purposes), Abandoned      )
Sailing Vessel, her tackle,      )
apparel, appurtenances, cargo, etc.      )
located within a circle having      )
a radius of 3.5 statute miles, whose      )
center point is at coordinates      )      **INTERVENORS' ANSWER TO**
45° 32.8′ North latitude and 86° 41.5′      )      **SECOND AMENDED COMPLAINT**
West longitude,      )
     )
         *In Rem*      )
     )
         Defendant,      )

v.

STATE OF MICHIGAN DEPARTMENT
OF HISTORY, ARTS, AND LIBRARIES
AND MICHIGAN DEPARTMENT OF
ENVIRONMENTAL QUALITY,

Great Lakes Exploration Group LLC v. Unidentified Wrecked and (For Sa...bandoned Sailing Vessel, The      Doc. 123

         Intervenors

/

Richard Thomas Robol
Robol Law Office
555 City Park Avenue
Columbus, OH 43215
614/559-3846

Roger W. Boer
Roger W. Boer, LLC
600 Waters Building
161 Ottawa Avenue NW
Grand Rapids, MI 49503
616/235-3500

Dockets.Justia.com

James R. Piggush
Assistant Attorney General
Environment, Natural Resources
   And Agriculture Division
P.O. Box 30755
Lansing, MI 48909
517/373-7540

_____/

## INTERVENORS' ANSWER TO SECOND AMENDED COMPLAINT

Appearing by restricted appearance to defend against Plaintiff's claim against property of the State of Michigan, Intervenors state the following in answer to Plaintiff's complaint:

1.      Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph One.

2.      Intervenors admit that the Defendant alleged is an abandoned vessel located in Michigan's submerged lands. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Two

3       Intervenors believe that Plaintiff has consulted with persons who are members of the staff of the Field Museum, but Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Three.

4       Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's belief and its "current" activities.

5.      Intervenors are without knowledge or information concerning the "foregoing research expedition" alleged in Paragraph 5 sufficient to form a belief as to the truth of the allegations concerning such research expedition, but admit that during the course of its operations, the vessel that became the alleged wreck, alleged by Plaintiff to be the Griffin, became wrecked,

2

lost and abandoned. Intervenors are without knowledge or information concerning the remaining allegations of Paragraph five.

6. Intervenors admit that in September, 1679, when it sank and was abandoned, the Griffin may have had the characteristics alleged, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Six.

7. Intervenors deny that there are no other shipwrecks in the identified geographic areas and their vicinities but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Seven.

8. Intervenors deny that the Court has subject matter jurisdiction.

9. Intervenors deny that the Court has personal jurisdiction over the State of Michigan, in rem jurisdiction over the Defendant property of the State of Michigan, and that there are any lawfully salvaged portions of the alleged shipwreck within the district or anywhere else over which the court can exercise actual jurisdiction, or by virtue of which it can exercise constructive jurisdiction over the alleged Defendant shipwreck. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph Nine.

10. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Ten.

11. Intervenors admit that the alleged Defendant wreck sank centuries, and therefore scores of years ago, but they are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations, if any.

12. Intervenors admit the allegations of Paragraph Twelve.

13.     Intervenors deny that Plaintiff has any rights of salvage in the Defendant but admit that any shipwreck of the Griffin or other ancient vessel mentioned in the Complaint is abandoned property, wholly derelict and abandoned, to which the original owners have no intention of returning. Intervenors deny that the state of Michigan, the current legal owner of the Defendant, has abandoned it and has no intention of returning. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Thirteen.

14.     Intervenors deny that Plaintiff has the legal ability to reduce or that it is legally reducing the alleged shipwreck to its exclusive custody, control, possession, and dominion, but Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Fourteen concerning Plaintiff's activities and the frequency of those activities.

15.     In response to paragraph Fifteen, Intervenors incorporate their answers to Paragraphs One-Fourteen.

16      Intervenors deny the allegations in Paragraph Sixteen.

17.     Intervenors deny the allegations in Paragraph Seventeen.

18.     In response to Paragraph Eighteen, Intervenors incorporate their answers to Paragraphs One-Seventeen.

19.     Intervenors deny that Plaintiff has conducted any lawful salvage operations with respect to the alleged shipwreck and deny that research, search and survey operations with respect to the alleged shipwreck are salvage operations. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Nineteen, if any.

4

20. Intervenors deny the allegations of Paragraph Twenty.

21. Intervenors deny that the activities alleged constitute assistance to the alleged Defendant but admit that Plaintiff had no legal or official duty to provide any assistance of the sorts alleged.

22. Intervenors deny that Plaintiff has conducted any lawful salvage operations with respect to the alleged shipwreck and deny that research, search and survey operations with respect to the alleged shipwreck are salvage operations. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Twenty-Two.

23. Intervenors deny that Plaintiff has conducted any lawful salvage operations with respect to the alleged shipwreck and deny that research, search and survey operations with respect to the alleged shipwreck are salvage operations. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Twenty-Three.

24. Intervenors deny the allegations of Paragraph Twenty-Four.

25. In response to Paragraph Twenty-Five, Intervenors incorporate their answers to Paragraphs One-Twenty-Four.

26. Intervenors deny the allegations in Paragraph Twenty-Six.

27. Intervenors deny the allegations in Paragraph Twenty-Seven.

28. In response to Paragraph Twenty-Eight, Intervenors incorporate their answers to Paragraphs One to Twenty-Seven.

29. Intervenors deny that Plaintiff has any lawful salvage. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph Twenty-Nine.

30. Intervenors deny the allegations in Paragraph Thirty.

## AFFIRMATIVE DEFENSES

Intervenors state the following affirmative defenses to the present action:

1. Under the 11th Amendment to the United States Constitution, the Court lacks jurisdiction over the alleged wreck and any objects associated with it for the reason that the wreck and its elements are the property of the State of Michigan.

2. The Court lacks admiralty jurisdiction over the alleged wreck and any of its elements for the reasons that, on information and belief, they are embedded within the soil of the State of Michigan and under its control, and Plaintiff is not the original owner of the wrecked ship.

3. The Court lacks admiralty jurisdiction over the alleged wreck and any of its elements for the reason that, on information and belief, the alleged ship and its wreck were abandoned by her owners and the wreck and its elements are now embedded in Michigan bottomlands. See 23 U.S.C. § 2105.

4. The Court lacks admiralty jurisdiction over the alleged wreck for the reason that, on information and belief, the alleged wreck was abandoned by its owners, is on Michigan bottomlands and it is eligible for inclusion in the National Registry of Historical Places.

5. Having claimed only that it found the wreck and is a salvor of it, Plaintiff is not a real party in interest in any Petitory/Possessory and/or Ownership claim to the wreck.

6

6. No party other than the Intervenors having come forward to state a right of possession or any ownership interest in the alleged unidentified wreck alleged to be the Griffin, an ancient vessel, the Defendant is abandoned by her owner(s) and is therefore the property of the State of Michigan.

7. Not having first acquired required permits from the Intervenors, among other reasons, Plaintiff did not lawfully salvage or otherwise remove the artifact delivered to the Marshal from Michigan lands and waters or otherwise come into the lawful possession of that artifact or of any other artifacts removed from Michigan lands and waters, so that Plaintiff lacks any lien in that object or any other objects removed from Michigan lands and waters upon which to state a salvage claim against the Defendant.

8. Plaintiff has failed to state a claim in that the acts alleged do not constitute the salvage of the Defendant.

9. Plaintiff has failed to state a claim on which the requested relief can be granted for the reason that Michigan has reserved a possessory right or title superior to that of a finder of abandoned property of historical or recreational value, such as the Defendant, found on state owned Great Lakes bottomlands.

10. By virtue of the Intervenors' limited appearance and the sovereignty of the State of Michigan, the court lacks jurisdiction to grant the injunctive relief requested.

11. Plaintiff has neglected to protect the Defendant.

12. Plaintiff's alleged actions with respect to the Defendant are not in the public interest and are contrary to public policy, which provides for the state protection of maritime cultural heritage rather than for its salvage.

**WHEREFORE,** Intervenors:

a. Request the court to deny Plaintiff any relief whatsoever and in particular deny any salvage award, any right to salvage and any right to otherwise handle the alleged wreck, deny any protection of such activities by the Plaintiff, and deny Plaintiff any right to possess in any capacity the alleged Defendant wreck or any portion of that wreck.

b. Request the court to invalidate its conditional arrest of an object allegedly retrieved from the wreck site and conditional constructive jurisdiction over the wreck and order the Marshal to return the object to the Intervenors as representatives of the State of Michigan, which is the owner of abandoned property of historical value found upon or within the lands owned by the state.

c. Request the court to dismiss this action in its entirety, with prejudice.

d. Request the court to award the Intervenors their costs, and attorneys' fees and such other relief as it determines justice requires.

Respectfully submitted,

Michael A. Cox
Attorney General

/s/
James R. Piggush (P29221)
Assistant Attorney General
Environment, Natural Resources
  and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
517/373-7540

Dated: August 12, 2008

## PROOF OF SERVICE

I, James R. Piggush, verify that on August 12, 2008, Susan Bertram electronically filed Intervenors' Answer to Second Amended Complaint.

/s/ James R. Piggush

S:nrd/ac/cases/open/Gr Lakes Exploration 04ag/answer to 2nd amended complaint