IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
Northern Division

| | | |
|---|---|---|
| GREAT LAKES EXPLORATION GROUP LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:04-CV-375 |
| The Unidentified, Wrecked and (For Salvage-Right Purposes), Abandoned Sailing Vessel, her tackle, apparel, appurtenances, cargo, etc. located within a circle having a radius of 3.5 statute miles, whose center point is at coordinates 45° 32.8′ North latitude and 86° 41.5′ West longitude, | ) ) ) ) ) ) ) ) ) ) ) | HON. ROBERT HOLMES BELL  **INTERVENORS' OBJECTION TO CLAIM AND ANSWER OF REPUBLIC OF FRANCE** |
| *In Rem* | ) ) | |
| Defendant, | ) | |
| v. | | |
| STATE OF MICHIGAN DEPARTMENT OF HISTORY, ARTS, AND LIBRARIES AND MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY, | | |
| Intervenors. | | |

**INTERVENORS' OBJECTION TO CLAIM AND ANSWER OF REPUBLIC OF FRANCE**

Intervenors object to the claim filed by counsel for Plaintiff on behalf of the Republic of France on January 29, 2009 in the above-captioned case. Intervenors also object to the answer filed on behalf of France by counsel for Plaintiff to the Second Amended Complaint that was previously filed by counsel for Plaintiff on Plaintiff's behalf. Both the claim and the answer are

1

untimely and conditional, and the answer is incomplete.  Neither the answer nor the claim were filed with leave of the Court.  Intervenors respectfully request that they be rejected by the Court.

This Court ordered Great Lakes Exploration Group, LLC (GLEG) to prepare a notice of the arrest of the Defendant for publication in two newspapers (Docket #114).  Such notice was delivered to the U.S. Marshal for publication on July 10, 2008 through July 14, 2008.[1]  The Arrest Order states that any persons claiming any interest in the Defendant Shipwreck must file with the Clerk of the Court a verified claim within ten days after the last day on which the public notice appears, and must file an answer within twenty days after the filing of the claim.[2]  The ten day requirement is set forth in Supplemental Rules for Admiralty, Rule C(6)(A), governing the arrest of vessels. The Notice that was published in the Grand Rapids Press and the Marquette Mining Journal also specifically warned that anyone with a claim must file it within ten days of the last day on which the Notice appears "on pain of being barred of all relief."[3]  No one filed a claim within the ten day period established by the court rule, this Court's order and the published notice.

Based in part on the absence of any claims filed pursuant to this Court's order and the notice, on December 23, 2008, Intervenors filed their motion for summary judgment that establishes that the absence of any owner coming forward in response to this litigation proves that the Defendant is abandoned for purposes of admiralty law and the Abandoned Shipwreck Act.[4]  More than a month after this motion was filed, and six months after the deadline for filing claims had passed, France attempted to file its claim and then an answer to the complaint.

---

[1] (Docket #118 and #120).
[2] (Docket #114, p.3).
[3] See Notices attached as Exhibits A and B to Affidavit of Louis B. Reinwasser (Docket #138).
[4] 43 U.S.C. § 2101 *et seq*. (ASA).

2

France did not seek permission from the Court to file its late claim and answer, and no permission or leave has otherwise been granted by this Court. For this reason alone the nominal claim and answer of France should be deemed null and void.

Furthermore, it is apparent from the answer filed by France that it is not making a claim of ownership of the Defendant. France's claim is of ownership of the vessel named Le Griffon that was built by the French explorer Robert La Salle. It is in effect, a conditional claim. If it is determined that the Defendant is Le Griffon, then France intends to assert a claim of ownership. If the Defendant is not Le Griffon, presumably France will not assert a claim of ownership.

The Court Rules do not provide for the filing of a conditional claim. The fact that France may have no interest whatsoever in the Defendant raises serious questions regarding whether France has standing to pursue a determination by this Court that it is the owner of the Defendant. It also raises questions about the procedure that any trial in this matter would follow. Will France be required to establish by a preponderance of the evidence that it is the owner of the Defendant? Or will it be permitted to wait in the wings while the other parties proceed with proofs?

Finally, the answer filed by France does not take a position with regard to Plaintiff's claims that Plaintiff should be awarded ownership of the Defendant because the Defendant has been abandoned as asserted in Count I and paragraph (a) of the prayer for relief. Nor does France answer paragraph 13 of the complaint that alleges that the Defendant is abandoned and that the owners have no intention of returning. The answer goes from paragraph 12 to paragraph 14 without explanation.

Intervenors reserve the right to assert other objections to the claim of France and to assert substantive grounds in opposition to the claim.

                                                        Respectfully submitted,

                                                        Michael A. Cox
Attorney General

      /s/
Louis B. Reinwasser (P37757)
Assistant Attorney General
Environment, Natural Resources
  and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
517/373-7540
Email: reinwasserl@michigan.gov

Dated: March 4, 2009